VOCKE, APPELLANT, *v.* CITY OF DAYTON ET AL., APPELLEES.

(No. 4108—Decided February 15, 1973.)

APPEAL: Court of Appeals for Montgomery County.

*Mr. Dan D. Weiner,* for appellant.
*Mr. James W. Drake,* city attorney, and *Mr. James F. Bauhof,* for appellees.

CRAWFORD, P. J. On March 6, 1971, plaintiff filed her complaint for damages for personal injuries suffered on April 25, 1969. She alleged that while a prisoner in the city jail she was burned in a fire caused by the negligence of the defendants.

The defendants listed in the complaint were the city of Dayton (which was dismissed on the basis of sovereign immunity) and three individuals, each referred to only as "John Doe, Real Name Unknown, Address Unknown." As

to these three, the complaint alleges merely that "the defendants, John Doe, plaintiff is informed and believed, were employees of the defendant, City of Dayton, and was acting in the course of said employment." No summons was issued for any of these three.

Attached to the complaint were interrogatories addressed to the city of Dayton, asking the name and address of the employee on duty at the jail, of the employees who arrested plaintiff, and of the employee who placed her in the jail cell, on April 25, 1969.

The city of Dayton was dismissed on June 7, 1971, without answering the interrogatories.

On January 25, 1972, plaintiff attempted to amend her complaint by naming George R. Miller, Walter J. Schaney and Odessa Jefferson as the three who were theretofore referred to as John Doe, and summons was issued on January 27, 1972. Defendants Miller and Jefferson were served personally on January 27, 1972, and the defendant Schaney by residential service on January 28, 1972.

On March 13, 1972, defendants filed a motion to dismiss, which was sustained on August 28, 1972, because the statute of limitation had run. A notice of appeal followed on September 27, 1972. Successor counsel is now pursuing the appeal.

The applicable statute of limitation (R. C. 2305.10) requires the action to be brought within two years after the cause of action arose.

Civil Rule 3(A) provides:

"Commencement. A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing."

R. C. 2305.17, required, also, the filing of a praecipe for a summons in order to commence an action. However, that requirement was not carried over into the civil rules.

It is plaintiff-appellant's contention that the service of summons within one year after the filing of the complaint saved the action from the statute of limitation.

When plaintiff sought to amend her complaint on January 25, 1972, she did so by a motion to "substitute" the

three defendants then named for the first time. Obviously, this was not a substitution of parties as provided for in Civil Rule 25. It was an attempt to amend by supplying the names and addresses.

Hence, plaintiff can hope to prevail only under Civil Rule 15(D), which provides for amendment when the name of a defendant is unknown. This is a rule of pleading, which supersedes R. C. 2309.62, and does not purport to extend the saving clause in the statute of limitation.

Civil Rule 15(D), which falls under Title III, Pleadings and Motions, is itself entitled "Amendments where name of party unknown," and provides:

"When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words 'name unknown,' and a copy thereof must be served personally upon the defendant."

Defendants claim that plaintiff did not comply with that rule, because she did not aver that she could not discover the names, did not furnish a description of the parties, and did not have summons issued containing the words "address unknown," or have a copy thereof served personally upon each of the defendants.

The fatal weakness of plaintiff's position is that she lacked not only the *names,* but also any really specific clue to the *identity* of those sought to be sued. After the city was dismissed, there was no longer any defendant in the case upon whom a summons could be served, and the case was for all practical purposes at an end for the lack of a defendant.

Civil Rule 3(A) contemplates, as did R. C. 2305.17, that when an action is commenced it should be commenced against *someone.* When the city was dismissed, this action had been commenced against no one.

It is stated in Headnote 2 of *Morgan* v. *Bayview Hos-*

*pital* (1959), 82 Ohio Law Abs. 499, with regard to the corresponding statutory provisions:

"Courts generally permit corrections of misnomers where there is no confusion as to the identity of the defendant, and the party intended to be sued is, in fact, given notice of such suit."

Other interesting commentaries follow:

"Whether the insertion of the true name of defendant for a fictitious one is a permissible substitution after the statute of limitations has run is doubtful. According to the little authority there is on this point, such substitution seems to be permissible where plaintiff in his original action sued the proper defendant, whom he correctly identified but for his name, while the running of the statute will not be avoided where plaintiff in his original action used a fictitious name because of his ignorance of the proper defendant." Annotation, *King* v. *Solomon* (1948), 8 A. L. R. 2d 1, 149.

"Burden of finding proper defendant was on plaintiff who could not toll running of statute of limitations by filing a complaint against a fictional John Doe, et al., especially when plaintiff's failure to discover proper defendant was not caused by any misconduct of defendants." Headnote 4, *Phillip* v. *Sam Finley, Inc.* (W. D. Vir. 1967), 270 F. Supp. 292.

"* * * [W]e have yet to read of a case where the running of the statute has been held to be avoided by filing a complaint wherein a defendant is designated by a fictitious name and the only allegations as to him are that the plaintiff is ignorant of the defendant's true name and, when he knows it, will amend by substituting it, and at that future time make some charge against such defendant. Yet that seems to us precisely what appellants, as to these four defendants, have attempted here. If procedure of that description can be tolerated, all statutes of limitation might as well be at once and forever repealed." *Gates* v. *Wendling Nathan Co.* (1938), 27 Cal. App. 2d 307, 315, 81 P. 2d 173, 177.

Rule 15 (A) provides help where only the *name* of a

defendant is unknown. It still requires sufficient description or identity to permit personal service. Plaintiff would expand it to a situation where even the *identity* is unknown.

If the present plaintiff were to prevail in her contention, any claimant could, within the period of limitation, file a petition without designation or description of any defendant, and without service upon anyone, in the mere hope that within a year thereafter he might discover a missing party to designate. Obviously, in the meantime, the action would not be begun against anyone. Whether or not a plaintiff who is unfortunate enough not to find the proper defendant should be permitted successfully to follow such a course, is a question to be answered elsewhere. The law and rules do not now permit him to do so. The action was properly dismissed and the judgment will be affirmed.

*Judgment affirmed.*

KERNS and SHERER, JJ., concur.

UPON APPLICATION FOR RECONSIDERATION

*Per Curiam.* In support of her motion for reconsideration, plaintiff-appellant has cited cases from other jurisdictions, but none from Ohio.

It is to be recognized that the quotation from Annotation, *King* v. *Solomon* (1948), 8 A. L. R. 2d 149 ("Whether the insertion of the true name of defendant for a fictitious one is a permissible substitution after the statute of limitations has run is doubtful") was not a categorical statement, but a generalization.

We were constrained to decide as we did largely from our interpretation of Civil Rule 15(D). The last sentence of the paragraph reads:

"The summons must contain the words 'name unknown,' and a copy thereof must be served personally upon the defendant."

This signifies to us that the action must be brought against some person identified otherwise than by name, who can and must be personally served, despite the fact that his name is presently unknown. Unless the action is against some such person, it has not been brought against anyone, and is therefore not actually begun at all.

Appellant asks in the alternative to reconsideration and revision of our decision that we certify our judgment to the Supreme Court. We should be inclined to comply with such request had we the authority to do so, because the case involves the interpretation of a new rule. However, we are not aware of any conflict between our judgment and any judgment of another court of appeals, and that is the only basis upon which we would be empowered to certify.

It was plaintiff's misfortune that the city of Dayton was dismissed as a party before it had answered the interrogatories calling for the unknown names of the other three defendants, but it could not be compelled to do so, not being a proper party and having been dismissed. However, it is also unfortunate that direct personal inquiry was not sooner made of the proper official, who, it appears, readily supplied the names when asked.

Reconsideration will be denied.

CRAWFORD, P. J., KERNS and SHERER, JJ., concur.