VARNO, APPELLANT, v. BALLY MANUFACTURING CO. ET AL.; SHAFFER DISTRIBUTING CO., ET AL., APPELLEES.

[Cite as Varno v. Bally Mfg. Co. (1985), 19 Ohio St. 3d 21.]

(No. 84-1137—Decided August 9, 1985.)

*William H. Thornburgh* and *Nancy Thornburgh,* for appellant.

*Baden, Jones, Scheper & Crehan Co., L.P.A.,* and *James H. Scheper,* for appellee Shaffer Distributing Company.

*Porter, Wright, Morris & Arthur, Thomas L. Czechowski* and *Dianne F. Marx,* for appellee Nine Limited Leasing.

HOLMES, J. The procedural issue presented on appeal is whether an amended complaint under Civ. R. 15(D), which substitutes the true name of a defendant that was previously designated by a fictitious name in the original complaint which was not served upon such defendant, relates back to the date of filing the original pleading for the purposes of the statute of limitations.[1] Throughout this litigation, appellant has maintained that Civ. R. 15(D) should be read in conjunction with Civ. R. 3(A) so that if service is obtained on the unknown defendant within one year of filing the complaint, the action is not foreclosed by the statute of limitations which ran prior to the filing and service of the amended complaint. The members of the appellate court rejected this argument and, for the reasons which follow, we agree with their assessment of the case.

It is uncontroverted that appellant's cause of action is governed by the two-year statute of limitations contained in R.C. 2305.10.

---

[1] This appeal does not present the court with an issue concerning the relation back of permissible amendments to pleadings to correct the inadvertent misnomer of a party. The criteria for the misnomer situation are contained in Civ. R. 15(C) and the case law decided thereunder.

Civ. R. 15(D) sets forth the procedure for Doe defendant pleadings. The rule states:

"When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. *The summons must contain the words 'name unknown,' and a copy thereof must be served personally upon the defendant.*"[2] (Emphasis added.)

As noted by the above-emphasized language, our rule possesses the unique requirement that a copy of the summons must contain the designation "name unknown" and be personally served upon the defendant in question. A review of procedural rules from other jurisdictions does not disclose another rule similar to ours. Therefore, we are precluded from looking to decisions from other states in an effort to assist our determination herein.[3]

An examination of reported decisions in this state indicates that only one appellate court has addressed this specific issue. In *Vocke* v. *Dayton* (1973), 36 Ohio App. 2d 139 [65 O.O.2d 159], the Court of Appeals for Montgomery County was confronted with a situation in which the plaintiff filed a negligence action naming as defendants the city of Dayton and three of its employees whom she described by the Doe procedure. After the statute of limitations had expired, but within one year from filing suit, plaintiff had process served on three city employees in an attempt to substitute them for the Doe defendants.

The *Vocke* court sustained the defense of the bar of the statute of limitations and held that Civ. R. 15(D) necessitates sufficient identification of the defendant so that personal service can be made upon him at the time of filing the original complaint. *Id.* at paragraph one of the syllabus. Furthermore, the court refused to utilize Civ. R. 3(A) to spare the cause of action from the statute of limitations in the following observation at 143:

"If the present plaintiff were to prevail in her contention, any claimant could, within the period of limitation, file a petition without designation or description of any defendant, and without service upon anyone, in the mere hope that within a year thereafter he might discover a missing party to designate."

In an interpretation of the *Vocke* case and the procedural rules involved, Judge McCormac reasoned:

---

[2] In relation to the commencement of a civil proceeding, Civ. R. 3(A) provides:

"A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing."

[3] An extensive review of cases from other jurisdictions is contained in Annotation (1978), 85 A.L.R. 3d 130, and Hogan, California's Unique Doe Defendant Practice: A Fiction Stranger than Truth (1977-1978), 30 Stan. L. Rev. 51, 58.

"* * * Civil Rule 15(D) applies only when the name is unknown and the complaint provides a sufficient description or identification of a defendant to permit personal service upon him. Civil Rule 3(A) requires that there be a commencement of an action against someone. Thus if the actual name of a defendant is unknown at the time of filing the complaint, it is necessary to identify the defendants sufficiently to cause personal service to be made upon them in order to commence an action under Civil Rule 3(A) so that the statute of limitations is tolled." McCormac, Ohio Civil Rules Practice (Cum. Supp. 1984) 88, 89, Section 9.18. See, also, *Jack Davis Painting Co.* v. *Eller Enterprises, Inc.* (1982), 8 Ohio App. 3d 211, 213; *Collins* v. *Dept. of Natural Resources* (Jan. 6, 1983), Franklin App. No. 82AP-370, unreported.

We find this authority persuasive and hold that the application of Civ. R. 15(D) is limited to those cases in which the defendant's identity and whereabouts are known to the plaintiff, but the actual name of the defendant is unknown. Where a complaint is filed against entities or persons designated by fictitious names but no personal service is made on such defendants, Civ. R. 3(A) cannot in conjunction with Civ. R. 15(D) act to extend the time of service past the statute-of-limitations period. Civ. R. 3(A) is not intended to extend the applicable limitations period. The rule merely permits service to be made within one year after the complaint is filed. In addition, Civ. R. 15(D) is clear; the complaint must sufficiently identify the unknown defendant so that personal service can be obtained upon filing the lawsuit.

We recognize that with our holding today a plaintiff's attorney will in a few instances be at a disadvantage when a client seeks legal assistance just prior to the expiration of the statute of limitations and the actual name of a defendant cannot be ascertained until the discovery process of the litigation. However, the rule, as currently written, cannot be interpreted to provide a remedy in those few situations.

Accordingly, we hold that in construing Civ. R. 15(D), where a complaint is filed which designates certain defendants by fictitious names, the cause of action is barred by the statute of limitations if the original complaint or an amended complaint substituting the actual names of the defendants is not personally served within the limitations period.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, LOCHER, DOUGLAS and WRIGHT, JJ., concur.

CELEBREZZE, C.J., and C. BROWN, J., dissent.

CELEBREZZE, C.J., dissenting. I must dissent from the majority's conclusion.

I agree that Civ. R. 15(D) will not save appellant's complaint as that rule is designed to afford relief for a plaintiff who "does not know, and is unable to discover, defendant's first name. He may file the action against defendant in defendant's last name and later amend in order to set forth defendant's full name." Staff Notes to Civ. R. 15(D). Rule 15(D) is not found in the Federal Rules and is but a rule of convenience. *Id.*

However, Ohio's Civ. R. 15(C) provides in relevant part:

"An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for *commencing* the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." (Emphasis added.)

Civ. R. 3(A) concerns how and when an action is *commenced*:

"A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing."

Ohio's Civil Rules and the statutes of limitations have consistently been considered together, *i.e.*, as to how they relate to and complement one another. See, *e.g., Barnhart* v. *Schultz* (1978), 53 Ohio St. 2d 59 [7 O.O.3d 142]; *Hardesty* v. *Cabotage* (1982), 1 Ohio St. 3d 114; *Baker* v. *McKnight* (1983), 4 Ohio St. 3d 125.

Civ. R. 3(A) imposes two requirements in order to commence an action. "The first is that the action be brought by filing a complaint within the applicable statute of limitations. The second is that service be obtained within one year after the complaint has been filed. The fact that Civ. R. 3(A) does not grant an option to commence an action either by filing within the statute of limitations or by filing and serving within the post-filing service period is clear from the language of the rule, which provides for commencement of an action 'by filing * * * *if* service is obtained.' " *Barnhart, supra,* at 63, overruled on other grounds, *Baker, supra.* See, also, *Saunders* v. *Choi* (1984), 12 Ohio St. 3d 247, 250.

In this case appellant unquestionably filed the complaint within the applicable statute of limitations. The complaint was later amended to include the correctly identified defendants but was nevertheless served within one year after the original complaint was filed on the defendants originally named and those initially described as unknown. Appellees received the *exact* same notice they would have received had appellant correctly named them in the original caption and then served them within the time provided for service in Civ. R. 3(A).

I believe the majority's hypertechnical reading of our Civil Rules, to require service on unknown defendants within the statute of limitations, is unjustified, as such a construction imposes a greater hardship on a plaintiff who can not identify a defendant than on a plaintiff who can identify

him.[4] Rule 3(A) allows service on a *known defendant after* the statute of limitations has run so long as it is served within one year of the complaint's filing (the action is deemed commenced at filing). However, the majority's inconsistent application of the rules' interaction demands service on an *unknown defendant prior* to the running of the statute of limitations and makes no allowance for Civ. R. 3(A)'s post-filing period. Clearly, Rule 15(C) was designed to assist plaintiffs by allowing amendments to relate back to the time of the original filing and was not intended to add yet another obstacle in the path to the courthouse. "Because of relation back, the intervening statute of limitation does not interfere with the opportunity to amend." Staff Notes to Civ. R. 15(C).

In *Ingram* v. *Kumar* (C.A.2, 1978), 585 F. 2d 566, certiorari denied (1979), 440 U.S. 940, the trial court held that under Fed. R. Civ. P. 15(c) the plaintiff's amendment of the complaint relating to the defendant's name, and service after the expiration of the statute of limitations, related back to the original complaint even though the true defendant had no notice until after the running of the statute of limitations. The appellate court affirmed, stating at 571: "Although on its face the phrase, 'within the period provided by law for commencing the action against him,' [see Ohio's Civ. R. 15(C)] seems to mean the applicable statute of limitations period, such a literal interpretation is unjustified in jurisdictions where timely service of process can be effected after the statute of limitations has run. [Ohio is such a jurisdiction, see Civ. R. 3(A).] In those jurisdictions, even an accurately named defendant may not receive actual notice of the action against him prior to the running of the statute of limitations. Yet there is no doubt that the action against him is timely commenced. There is no reason why a misnamed defendant is entitled to earlier notice than he would have received had the complaint named him correctly. Calling the problem raised here a 'curious but minor difficulty of interpretation . . . over the language of the rule referring to the limitations period,' Professor (now Justice) Benjamin Kaplan, reporter for the Advisory Com-

---

[4] For example, today's majority opinion commands this unfortunate hypothetical result: Plaintiff wishes to commence a products liability suit against both the manufacturer and distributor. Plaintiff correctly names the manufacturer but receives no cooperation in ascertaining the distributor's identity. Because the applicable statute of limitations will end the next day, plaintiff immediately files suit against the manufacturer by name and the distributor as unknown, listing a fictitious name and including a description. Two days later (after the statute of limitations has expired), plaintiff has not yet served either party but now learns distributor's true identity. Counsel amends the caption, refiles the complaint, and proceeds to serve both parties all within one year of the original complaint's filing.

The action, under Civ. R. 3(A), would be deemed commenced against the manufacturer as the complaint was filed prior to the statute of limitations' expiration and then served in accord with the post-service time allowed for in the Civil Rules. Nevertheless, the suit against the distributor would be dismissed on motion under Civ. R. 15 as the unknown defendant was not served within the limitations period. This scenario is roughly what occurred in the case *sub judice* and I believe it to be an erroneous and unjust result.

mittee on Civil Rules, implicitly criticized a district court decision refusing relation back on facts somewhat similar to these. * * * [Citation omitted.] Professor Kaplan noted the anomaly of dismissing an action, which 'against the original defendant . . . would be considered timely brought despite the delayed service.' [Citation omitted.]

"We agree that such a result is anomalous and that it is not required by Rule 15(c). This case presents an excellent situation for specific application or the Rule's general admonition that 'leave [to amend] shall be freely given when justice so requires.' " (See Ohio's Civ. R. 15[A].)

I find this passage well-reasoned and dispositive of the issue presented in this case. Accord, *e.g., Hunt* v. *Broce Constr., Inc.* (C.A.10, 1982), 674 F.2d 834, 837; *Murray* v. *United States Postal Service* (N.D.N.Y. 1983), 569 F. Supp. 794, 796; *Galion* v. *Conmaco Internatl., Inc.* (1983), 99 N.M. 403, 658 P.2d 1130, 1132; *Anderson* v. *United Cab Co.* (1983), 8 Kan. App. 2d 694, 666 P.2d 735, 737. See, also, *Ringrose* v. *Engelberg Huller Co., Inc.* (C.A.6, 1982), 692 F.2d 403, 407; *Kirk* v. *Cronvich* (C.A.5, 1980), 629 F.2d 404.

Allowing appellant's amended complaint in this case would also be consistent with our recent decision in *Baker, supra,* the syllabus of which holds: "Where the requirements of Civ. R. 15(C) for relation back are met, an otherwise timely complaint in negligence which designates as a sole defendant one who dies after the cause of action accrued but before the complaint was filed has met the requirements of the applicable statute of limitations and commenced an action pursuant to Civ. R. 3(A), and such complaint may be amended to substitute an administrator of the deceased defendant's estate for the original defendant after the limitations period has expired, when service on the administrator is obtained within the one-year, post-filing period provided for in Civ. R. 3(A). (*Barnhart* v. *Schultz,* 53 Ohio St. 2d 59 [7 O.O.3d 142], overruled.)"

I believe that to deem appellant's action against appellees to be properly commenced also comports with the policy and purpose of the Civil Rules as noted in *Baker, supra,* at 129: " '* * * "The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies." *Peterson* v. *Teodosio* (1973), 34 Ohio St.2d 161, 175 [63 O.O.2d 262, 269]. Decisions on the merits should not be avoided on the basis of mere technicalities; pleading is not " 'a game of skill in which one misstep by counsel may be decisive to the outcome * * * [rather] the purpose of pleading is to facilitate a proper decision on the merits.' *Conley* v. *Gibson,* 355 U.S. 41, 48." *Forman* v. *Davis* (1962), 371 U.S. 178, 181-182.' "

For all of the above reasons, it is my fervent belief that the requirements of Civ. R. 15(C) for relation back are met when an otherwise timely complaint in negligence, which describes a party defendant as unknown and names said party by a fictitious name, is later amended to correct the defendant's name and then served within one year of the original complaint's filing. The plaintiff has properly commenced an ac-

tion, pursuant to Civ. R. 3(A) in conjunction with the applicable statute of limitations, in that service of the complaint after the limitations period has expired is allowed within the one-year post-filing period provided for in Civ. R. 3(A).

C. BROWN, J., concurs in the foregoing dissenting opinion.

CLIFFORD F. BROWN, J., dissenting. I concur in the comprehensive and accurate analysis of the applicable law contained in the dissenting opinion of Chief Justice Celebrezze. This decision today which results in dismissal of the case on procedural grounds only is another example of many unjust recent legal precedents fashioned by this court which dispose of cases on procedural technicalities rather than upon resolving the rights of the parties by trial on the merits through application of the substantive law. Cf. *Caruso-Ciresi, Inc.* v. *Lohman* (1983), 5 Ohio St. 3d 64, dissent at 67-68; *Sizemore* v. *Smith* (1983), 6 Ohio St. 3d 330, dissent at 334-338; *Perotti* v. *Ferguson* (1983), 7 Ohio St. 3d 1, concurrence at 3-4; *Maryhew* v. *Yova* (1984), 11 Ohio St. 3d 154, dissent at 159-162; *First Bank of Marietta* v. *Cline* (1984), 12 Ohio St. 3d 317, dissent at 318-319.

The Rules Advisory Committee should study the decision of this court today with a view toward clarifying the language of Civ. R. 15(D) and 3(A), so that plaintiffs, upon learning the true names, identities and addresses of defendants sued by fictitious names before the statute of limitations has run, may validly serve such defendants with summons under Civ. R. 3(A) within one year after filing a complaint.

Therefore, I dissent.