**Irene RAMSKI, et al., Plaintiffs,**

v.

**SEARS, ROEBUCK AND CO., et al., Defendants.**

Civ. A. No. C86–4192.

United States District Court, N.D. Ohio, E.D.

March 18, 1987.

Andrew P. Buckner, David M. Dworken, Dworken & Bernstein, Painesville, Ohio, for plaintiffs.

Keith A. Savidge, Seeley, Savidge & Aussem, Cleveland, Ohio, for defendants.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

This action was originally filed by Irene and Alfons Ramski, husband and wife, in the Court of Common Pleas, Lake County, Ohio. The complaint names as defendants Sears, Roebuck and Co. ("Sears") and John Doe, an unknown Sears agent and/or employee. On October 7, 1986, Sears petitioned to remove this action to this Court pursuant to 28 U.S.C. § 1441 (1982). The Ramskis opposed removal, arguing that this Court would not have jurisdiction because there is not complete diversity of citizenship between the parties as required by 28 U.S.C. § 1332 (1982). This Court granted the petition for removal on November 6, 1986. On January 6, 1987, the Ramskis filed a motion for remand, relying upon the same grounds on which they opposed the petition for removal. Treating their motion as a motion for reconsideration, this Court holds that it lacks removal jurisdiction because of the absence of complete diversity. Therefore, this case is remanded to state court for further proceedings.

### I.

The complaint states that Irene Ramski was a patron at the Sears store located in the Great Lakes Mall, Mentor, Ohio, on or about December 6, 1985. Complaint, ¶ 4. On that date, she allegedly suffered personal injury because Sears and its agent and/or employee John Doe maintained the shoe department in a negligent manner. Complaint, ¶ 5. Alfons Ramski claims that he has been deprived of his wife's services and consortium as a direct and proximate result of the negligence of Sears and the John Doe defendant. Complaint, ¶ 8.

The Ramskis allege that the real identity of the John Doe defendant is unknown despite reasonable diligence on their part to

learn of his or her identity. Complaint, ¶ 3. They list his or her address as the store at the Great Lakes Mall. While they do not allege their own place of residence, the Ramskis set forth their address on the complaint, which shows that they live in Eastlake, Ohio. Sears' verified petition for removal states that it is a New York corporation with its principal place of business in Illinois. It does not present any evidence with respect to the residence of the John Doe defendant.

## II.

■■ The right of removal is determined by review of a plaintiff's pleading at the time of the petition for removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 348, 83 L.Ed. 334 (1939). However, the presence of an unnamed defendant may create doubt regarding the existence of diversity jurisdiction. In *Pullman*, California residents brought suit for negligence against several defendants, including a "John Doe" railroad porter whose residence was not alleged. The Supreme Court considered the effect of the presence of such a defendant upon the action's removability, since there would clearly be no diversity jurisdiction if that defendant had been named and described as a citizen of California and had been served with process. It concluded:

> We think that the fact that the Pullman porter was sued by a fictitious name did not justify removal. His relation to the Pullman Company and his negligence as its servant were fully alleged. See *Grosso v. Butte Electric R. Co.*, D.C., 217 F. 422 [1914]. Nor does the fact that the residence of the porter was not set forth justify disregarding him. It was incumbent upon the Pullman Company to show that it had a separable controversy which was wholly between citizens of different States. As in determining whether there was such a separable controversy with respect to the Pullman Company its porter could not be ignored, the Company was bound to show that he was a non-resident in order to justify removal.

*Id.* at 540, 59 S.Ct. at 350. The Court also rejected the argument that the fact that John Doe had not yet been served absolved the district court from considering his residence, stating that a nonresident defendant should not seize the opportunity to create diversity before other defendants are served. A nonresident's remedy to a plaintiff's fraudulent naming of a defendant who it never meant to serve is to demonstrate that the John Doe defendant was named in bad faith. *Id.* at 540–41, 59 S.Ct. at 350.

Federal law, then, would seem to require that this case be remanded, for Sears has made no showing with respect to its employee's residence. However, this Court initially permitted the case to be removed because of Ohio procedural law governing the use of fictitious defendants. Ohio Civ.R. 15(D) ("Rule 15(D)") governs the John Doe procedure and provides:

> **Amendments where name of party unknown.** When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words "name unknown," and a copy thereof must be served personally upon the defendant.

In a case similar to that before this Court, Judge Battisti noted that an Ohio appellate court had interpreted Rule 15(D) to require that an unknown defendant must be identified otherwise than by name and must be personally served for an action to be commenced against him or her. *Feller v. National Enquirer*, 555 F.Supp. 1114, 1119 (N.D.Ohio 1982) (citing *Vocke v. City of Dayton*, 36 Ohio App.2d 139, 303 N.E.2d 892, 896 (App.Mont.Co.1973)). He concluded that because the Rule 15(D) requirement of identification and service had not yet been met in the case before him, the action against the John Doe defendant was invalid *ab initio*, and removal would not be precluded by an absence of diversity. *Feller*, 555 F.Supp. at 1119.

This Court was persuaded by *Feller*, particularly because the Ohio Supreme Court had subsequently rendered a decision consistent with that opinion. In *Varno v. Bally Manufacturing Co.*, 19 Ohio St.3d 21, 482 N.E.2d 342 (1985), a plaintiff had filed her complaint against unknown defendants within the period of the statute of limitations, but had not served those defendants before the limitations period expired. Because she had amended her complaint to name those defendants and had served them within one year of the filing of the complaint, the plaintiff argued that her suit had been timely commenced against them. In essence she asserted that Rule 15(D) must be read in conjunction with Ohio Civ.R. 3(A) ("Rule 3(A)"), which provides:

**Commencement.** A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing.

The Ohio Supreme Court identified *Vocke* as the only similar reported precedent. It indicated that *Vocke* had held that Rule 15(D) required that a defendant be sufficiently identified at the time of the filing of the complaint so that service could be had upon him or her, and that *Vocke* had rejected the use of Rule 3(A) to salvage a filing under Rule 15(D) from the bar of the statute of limitations. The Court concluded:

We find this authority persuasive and hold that the application of Civ.R. 15(D) is limited to those cases in which the defendant's identity and whereabouts are known to the plaintiff, but the actual name of the defendant is unknown. Where a complaint is filed against entities or persons designated by fictitious names but no personal service is made on such defendants, Civ.R. 3(A) cannot in conjunction with Civ.R. 15(D) act to extend the time of service past the statute-of-limitations period. Civ.R. 3(A) is not intended to extend the applicable limitations period. The rule merely permits service to be made within one year after the complaint is filed. In addition, Civ.R. 15(D) is clear; the complaint must sufficiently identify the unknown defendant

so that personal service can be obtained upon filing the lawsuit.

482 N.E.2d at 344–45.

In their motion for remand, plaintiffs concede that Judge Battisti had correctly construed Rule 15(D) in *Feller*, since his decision was bolstered by *Varno*. They argue, however, that the Ohio legislature has since altered this rule by amending Rule 3(A) ("amended Rule 3(A)"), effective July 1, 1986, to provide:

**Commencement.** A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Rule 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Rule 15(D).

They insist that Rule 3(A) was amended to reverse *Varno* and the Ohio Supreme Court's construction of Rule 15(D).

Sears responds that amended Rule 3(A) only reversed the narrow holding of *Varno* —that is, Rule 15(D) could not be read together with Rule 3(A) to permit suit where a complaint was filed within the limitations period and a John Doe defendant was served after the limitations period had run but within a year of filing. It contends that the amendment does not affect the holdings in *Varno* that bear upon diversity of jurisdiction or removal, nor does it alter Rule 15(D)'s requirement that the unknown defendant be described and personally served.

■■■ Sears' limited construction of the amended Rule 3(A) is initially persuasive, but it must be rejected, for the *Varno* opinion cannot be dissected as Sears wishes. It is true that the obvious import of amended Rule 3(A) is to remove a statutory bar created by *Varno*. However, if the *Varno* court's construction of Rule 15(D) were accepted, there would be no reason to amend Rule 3(A), for an identified defendant could be served within the statutory period without the one-year extension. By effectively giving plaintiffs utilizing the John Doe procedure another

year to identify a John Doe defendant to serve him or her, the Ohio legislature departed from the Ohio Supreme Court's understanding that the identification must occur before the filing of the complaint. This conclusion is not undermined by the legislature's decision to amend Rule 3(A) rather than Rule 15(D), for the plain language of Rule 15(D) is susceptible to the meaning urged by plaintiffs. Nor is this Court persuaded by Sear's argument that the legislature intended not to alter *Varno*'s holdings with respect to their impact on diversity jurisdiction, since a state's attempt to define parties' status solely to affect federal jurisdiction would certainly abrogate federal/state comity and must be rejected by federal courts. This Court, therefore, holds that the John Doe in this action has properly been named as a party under Ohio procedural law, and the action is not invalid *ab initio* against him or her.

## III.

■ Since the John Doe defendant has been properly joined as a party in this action and since his relationship to Sears and his negligence as its employee are alleged, *Pullman* and its progeny require that Sears demonstrate that John Doe is not an Ohio resident in order to justify removal of this case. Sears has made no showing of John Doe's residence, nor that the naming of this defendant was a sham. Therefore, the petition for removal is denied, and the case is remanded to the Court of Common Pleas. Since Sears raised a substantial issue respecting removability, plaintiffs' request for attorneys' fees is denied.

IT IS SO ORDERED.