**Les KELLER a.k.a. Les Keller Jewelers d.b.a. L.K.B., Plaintiff,**

v.

**HONEYWELL PROTECTIVE SERVICES and Honeywell, Inc. and Unknown Officers, Director and/or Employees of Honeywell Protective Services and/or Honeywell, Inc., Defendants.**

No. C88–153.

United States District Court,
N.D. Ohio, E.D.

July 31, 1990.

426

Edwin H. Jacobs, Shaker Heights, Ohio, for plaintiff.

David J. Hooker, Mark A. Gamin, and S. Stuart Eilers, Thompson, Hine & Flory, Cleveland, Ohio, for defendants.

## MEMORANDUM AND ORDER

BATTISTI, District Judge.

Before the merits of this removed diversity case can be addressed, this Court must examine the basis for subject matter jurisdiction.[1] *See Gross v. Hougland,* 712 F.2d 1034, 1036 (6th Cir.1983), *cert. denied,* 465 U.S. 1025, 104 S.Ct. 1281, 79 L.Ed.2d 684 (1984) (A federal court "must satisfy itself that it has subject matter jurisdiction over the dispute before it addresses the merits of the claims"); Fed.R.Civ.P. 12(h)(3). Because Defendants have not met their burden of affirmatively and clearly demonstrating that removal is proper, pursuant to 28 U.S.C. § 1447(c), this case is REMANDED to the Court of Common Pleas, Cuyahoga County.

On December 22, 1987, this case, naming at least three separate defendants[2], was filed in the Court of Common Pleas, Cuyahoga County, Case No. 141694. On January 20, 1988, Defendant Honeywell Inc. ("Honeywell Inc.") **alone,** petitioned for removal pursuant to 28 U.S.C. §§ 1441 and 1446, on grounds of diversity of citizenship between the parties. 28 U.S.C. § 1332(a).

■ General principles of federal removal jurisdiction are well settled. The party invoking federal jurisdiction has the burden of affirmatively pleading sufficient facts to establish it. *McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Fed.R.Civ.P. 8(a)(1). It is not sufficient that federal jurisdiction may potentially exist; the party invoking federal jurisdiction must affirmatively establish it. *McNutt, supra.* Furthermore, removal statutes are strictly construed, with all doubts construed against removal.[3] *Shamrock Oil &*

---

1. The case involves, *inter alia,* claims for intentional breach of a service contract, breach of contractual warranties, misrepresentation, and emotional distress arising from Defendants' alleged failure to timely notify local police of an unauthorized entry and burglary. Pending is Defendant Honeywell Inc.'s Motion for Summary Judgment.

2. Named as defendants were 1) "Honeywell Protective Services," 2) "Honeywell Inc., Honeywell Protective Services" and 3) "Unknown Officers Director and/or Employees of Honeywell Protective Services and/or Honeywell, Inc." *See* Caption of Complaint.

3. The policy of strict construction has a practical side of avoiding the waste of judicial resources:

 [I]t minimizes the chance of reversible error in determining removability. When removal is not warranted and the federal court is without subject matter jurisdiction of the case, **any judgment rendered must be set aside on direct attack and the case remanded to the state court for retrial unless the jurisdictional defect can be remedied.** On the other hand, if the district court remands an action to a state court, in which it was originally properly brought, the remand is to a court with jurisdiction over the case, and its subsequent proceedings have validity which will be

*Gas Corp. v. Sheets,* 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Removability is determined by the Complaint, and the Notice of Removal at the time such Notice is filed, not by subsequent events. *Sunny Acres Skilled Nursing v. Williams,* 731 F.Supp. 1323, 1325 (N.D. Ohio 1990); *Ramski v. Sears, Roebuck and Co.,* 656 F.Supp. 963, 965 (N.D.Ohio 1987); *Hood v. Security Bank of Huntington,* 562 F.Supp. 749, 750 (S.D.Ohio 1983); 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.163[4.—3] (2d ed. 1989). And, of course, statutory federal jurisdiction based on diversity of citizenship has long meant complete diversity. *Strawbridge v. Curtiss,* 3 Cranch (7 U.S.) 267, 2 L.Ed. 435 (1806).

 As a first point for doubt, Honeywell Inc., in its Verified Petition for Removal, alleges that there is diversity because "Plaintiff [Les Keller] is now and was when the state action was commenced a resident of Ohio." Defendant's Verified Petition for Removal ¶ 1(a) (emphasis added). Under *McNutt,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936), Honeywell Inc., as the party invoking federal jurisdiction, must affirmatively plead sufficient facts showing diversity to establish jurisdiction. For natural persons, "residency" is not equivalent to "citizenship" under 28 U.S.C. § 1332. *Steigleder v. McQuesten,* 198 U.S. 141, 143, 25 S.Ct. 616, 616–17, 49 L.Ed. 986 (1905); *Russom v. Kilgore Corp.,* 692 F.Supp 796, 798 (W.D.Tenn.1988); 13B C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure,* § 3611, at 512 and n. 13. The averment in ¶ 1(a) does not clearly and affirmatively express the "citizenship" of Plaintiff Les Keller ("Plaintiff"). *See, e.g.,* Rule 84 (Form 2, Appendix of Forms). If Plaintiff is suing in his capacity as a business entity, then different requirements apply under the diversity statute.[4] Thus, Plaintiff's citizenship is un-

clear from Honeywell Inc.'s Verified Petition for Removal.

Second, Honeywell Inc. alleges that federal jurisdiction is proper because its citizenship controls for determining the citizenship of its unincorporated division, Defendant Honeywell Protective Services, which, it states, has no separate legally cognizable status. Petition for Removal ¶ 1(a). Honeywell Inc. is a citizen of Delaware (state of incorporation) and Minnesota (principal place of business), and supports this assertion by an affidavit.

 There is some respected authority holding that the citizenship of unincorporated divisions is the same as the owning corporation. *See Brunswick Corp. v. Jones,* 784 F.2d 271, 275 n. 3 (7th Cir.1986); *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280 (7th Cir.1986) (Posner, J.); 13B C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3624 (1990 Supp. at 90 n. 22.1). This holding, and its factual setting, arguably, deserve careful attention. *Wisconsin Knife Works* involved a suit between a single plaintiff and a single defendant, both were divisions of owning corporations. The Seventh Circuit stated that if state law permits, unincorporated divisions may sue or be sued in their own name, and cited Fed.R.Civ.P. 17(b); nevertheless, it looked to the owning corporation's citizenship for diversity. In the case *sub judice,* Plaintiff sued the division, the owning corporation, and unknown officers, directors, and employees of both. This Court is similarly faced with disregarding the division— which, under Ohio law, may sue or be sued in its own name and enter into contracts— *see* Ohio Rev.Code Ann. § 1745.01—and here, entered into a service contract, in its own name, with the Plaintiff. Generally, the citizenship of unincorporated associations is that of all its members. *See Navarro Savings Association v. Lee,* 446 U.S.

---

unaffected by an error in the remand order. (Emphasis supplied, footnotes omitted). 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.157[1.—3] at 41 (2d ed. 1989).

**4.** For example, if L.K.B. is a corporation then 28 U.S.C. § 1332(c) applies: "a corporation shall be

deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Acwoo International Steel Corp. v. Toko Kaiun Kaish Ltd.,* 840 F.2d 1284, 1290 n. 6 (6th Cir.1988).

458, 461, 100 S.Ct. 1779, 1782, 64 L.Ed.2d 425 (1980); *SHR Limited Partnership v. Braun,* 888 F.2d 455, 459 (6th Cir.1989); *N.A.A.C.P.—Special Contribution Fund v. Jones,* 732 F.Supp. 791, 793 (N.D.Ohio 1990). The general rule is that a subsidiary corporation has its own "citizenship" different from the parent corporation, unless under the alter ego exception to the rule, the subsidiary is not really a "separate entity." *See Beightol v. Capitol Bankers Life Insurance Co.,* 730 F.Supp. 190, 193 (E.D.Wis.1990) (Reynolds, J.) (citing cases).

■ Corporations have a multitude of forms; the language of the diversity statute is general as to "corporation." Whatever the merits of treating the citizenship of a corporation's unincorporated division as that of the owning corporation—and no decision is made here—the holding, arguably, should be limited to that particular circumstance. Closer examination, though, of the unknown Defendants obviates the need to resolve this issue.

The third named Defendants are "Unknown Officers Director and/or Employees of Honeywell Protective Services and/or Honeywell, Inc." Honeywell Inc. argues that Plaintiff failed to comply with Rule 15(D) of the Ohio Rules of Civil Procedure;[5] since these defendants are not properly parties to this suit, their citizenship presents no obstacle for removal. However, in examining Honeywell Inc.'s Petition for Removal, it is not clear how Ohio Rule 15(D) has been violated. Furthermore, "questions regarding the removal statute are a federal matter, and that federal law, not state law, governs the circumstances in which a case may be removed to federal court." *Feller v. National Enquirer,* 555 F.Supp. 1114, 1118 (N.D.Ohio 1982).

■ In the case *sub judice,* January 20, 1988, the time of removal, is dispositive. At that time, 28 U.S.C. § 1441(a) governed the removability of actions, *sans* the amendment of 1988,[6] effective on November 19, 1988. *See* 28 U.S.C. § 1441 **Effective Date of 1988 Changes in Removal Statutes** [emphasis original]. While *Feller,* supra, acknowledged the existence of divergent opinions regarding the affect of state law as to removal, it noted that even those courts which held state law to be relevant in certain cases

accepted the standard that has developed from [the] *Pullman* and *Haight* [*Pullman Co. v. Jenkins,* 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *Southern Pacific Co. v. Haight,* 126 F.2d 900 (9th Cir.), *cert. denied,* 317 U.S. 676, 63 S.Ct. 154, 87 L.Ed. 542 (1942)] line of cases to the effect that non-service of a Doe defendant is not, standing alone, a sufficient reason to disregard that defendant on removal.

555 F.Supp. at 1119.

In analyzing the case law, this Court in *Feller* further stated that such defendants:

may be disregarded if they are fraudulently joined, or if they are merely sham or nominal parties ... [or] if the allegations in the complaint are so generally worded that 'they give no clue as to whom they could pertain' or if the plaintiff never attempts to identify or charge a Doe defendant with actionable conduct.

*Id.* at 1118 (quoting *Asher v. Pacific Power & Light Co.,* 249 F.Supp. 671, 676 (N.D.Cal. 1965)). The Ohio Supreme Court has recognized that

Civ.R. 15(D) is limited to those cases in which the

defendant's identity and whereabouts are known to the plaintiff, but the actual

---

5. Ohio Civ.R. 15(D):

 **Amendments where name of party unknown.** When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact

that he could not discover the name. The summons must contain the words "name unknown," and a copy thereof must be served personally upon the defendant.

6. As now amended, § 1441(a) reads: "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

name of the defendant is unknown.... Civ.R. 15(D) is clear; the complaint must sufficiently identify the unknown defendant so that personal service can be obtained upon filing the lawsuit.

*Varno v. Bally Manufacturing Co.,* 19 Ohio St.3d 21, 482 N.E.2d 342, 344–345 (1985); *accord Feller,* 555 F.Supp. 1114, 1119; *Ramski, supra,* 656 F.Supp. 963, 965. Honeywell Inc. has not alleged that the Unknown Defendants are a sham, nominal, fraudulently joined (in order to defeat diversity), nor can it claim that they are unidentifiable since they are specified as "Officers, Director and/or Employees" of Honeywell Inc., the out-of-state entity, and Honeywell Protective Services, the in-state entity. Under *Pullman,* 305 U.S. 534, 59 S.Ct. 347, and *Haight,* 126 F.2d 900, non-service *alone* is no bar to removal questions.

Furthermore, § 1441(b), which prohibits in state defendants from removing diversity cases to federal court, an unserved but defendant citizen of the forum state can not, in itself, be disregarded. J. Moore & B. Ringle, *Moore's Federal Practice,* ¶ 0.168[3.—2—2] at 551 (2d ed. 1989). In practical terms, a resident defendant can usually be served. Honeywell, Inc. has made no showing that these resident defendants are nominal parties or fraudulently joined.

There is an additional reason why this Court should not ignore the resident Defendants. Normally, all defendants must join in removal, jurisdictionally under § 1441(a) and procedurally under § 1446(a). *Chicago, Rock Island, & Pacific Railway Co. v. Martin,* 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900); *Northern Illinois Gas Co. v. Airco Industrial Gases,* 676 F.2d 270 (1982). If the local defendants had joined, removal would have been barred for lack of complete diversity, and even if diversity existed, under § 1441(b). In these circumstances, Courts should be wary of efforts to avoid jurisdictional limitations.

■ Finally, under § 1446(b), Defendants had one year to remove a diversity case. If Defendants had taken more time, and more care, in determining the basis for removal, they later might have been able to affirmatively and clearly establish removal jurisdiction. However, they did not, and the Court must determine the basis for removal at the time removal is invoked.

■ Thus, it is simply unclear from the allegations in the Petition for Removal whether the requisite complete diversity exists. A court of limited jurisdiction not only errs in considering a case outside of its jurisdiction, but also commits "an unconstitutional invasion of the powers reserved to the states." *Randazzo v. Eagle–Picher Industries, Inc.,* 117 F.R.D. 557, 559 (E.D.Pa.1987) (quoting 13 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3522 (1983) at 61).

Accordingly, this case is REMANDED to the Court of Common Pleas of Cuyahoga County. Since removal was improper, Plaintiff is entitled to the removal bond.

IT IS SO ORDERED.