Pfeifer, J.,
dissenting.
{¶ 42} “In this case appellant unquestionably filed the complaint within the applicable statute of limitations. The complaint was later amended to include the correctly identified defendants but was nevertheless served within one year after the original complaint was filed on the defendants originally named and those initially described as unknown. Appellees received the exact same notice they would have received had appellant correctly named them in the original caption and then served them within the time provided for service in Civ.R. 3(A).
{¶ 43} “I believe the majority’s hypertechnical reading of our Civil Rules, to require service on unknown defendants within the statute of limitations, is unjustified, as such a construction imposes a greater hardship on a plaintiff who can not identify a defendant than on a plaintiff who can identify him. Rule 3(A) allows service on a known defendant after the statute of limitations has run so long as it is served within one year of the complaint’s filing (the action is deemed commenced at filing). However, the majority’s inconsistent application of the rules’ interaction demands service on an unknown defendant prior to the running of the statute of limitations and makes no allowance for Civ.R. 3(A)’s post-filing period. Clearly, Rule 15(C) was designed to assist plaintiffs by allowing amendments to relate back to the time of the original filing and was not intended to add yet another obstacle in the path to the courthouse. ‘Because of relation back, the intervening statute of limitation does not interfere with the opportunity to amend.’ Staff Notes to Civ.R. 15(C).” (Emphasis sic and footnote omitted.) Varno v. Bally Mfg. Co. (1985), 19 Ohio St.3d 21, 25-26, 19 OBR 18, 482 N.E.2d 342 (Celebrezze, C.J., dissenting).
*529 Paul W. Flowers Co., L.P.A., and Paul W. Flowers; and Becker & Mishkind Co., L.P.A., Ronald Margolis, and Jessica A. Perse, for appellee.
Hanna, Campbell & Powell, L.L.P., and Rocco D. Potenza, for appellants.
Marianna Brown Bettman, William K. Weisenberg, and Eugene P. Whetzel, urging affirmance for amicus curiae Ohio State Bar Association.
Rourke & Blumenthal, L.L.P., Jonathan K. Stoudt, and Michael J. Rourke, urging affirmance for amicus curiae Ohio Association for Justice.
Bricker & Eckler, L.L.P., Anne Marie Sferra, and Bridget Purdue Riddell, urging reversal for amici curiae Ohio State Medical Association, Ohio Hospital Association, and Ohio Osteopathic Association.
{¶ 44} I can’t offer a more coherent or concise explanation of why the court is as wrong today as it was in 1985. I dissent.