[Cite as *Nelson v. Callahan*, 2015-Ohio-3464.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| SAM NELSON | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15 CA 8 |
| JACK CALLAHAN, ET AL | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Civil appeal from the Guernsey County
Court of Common Pleas, Case No.
14CV000054

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    August 24, 2015

APPEARANCES:

| For Plaintiff-Appellant | For Defendant-Appellee |
|---|---|
| W. LOVE II | TIMOTHY CUNNING |
| 739 W. Rextur Drive | SEAN R. SCULLIN |
| Akron, OH  44319 | 940 Windham Court, Ste. 4 |
|  | Boardman, OH 44512 |

*Gwin, P.J.*

{¶1} Appellant, Sam Nelson ["Nelson"] appeals the February 27, 2015 Judgment Entry of the Guernsey County Court of Common Pleas that granted Appellee, Jack Callahan's motion for summary judgment.

*Facts and Procedural History*

{¶2} On November 14, 2014, Nelson filed an Amended Complaint alleging conspiracy, trespass and conversion of personal property. The amended complaint alleged that sometime in 2011 Callahan allegedly stole four cows and a calf from Nelson's Guernsey County farm. Nelson further alleged that on March 20, 2013, Callahan stole a bull and thirteen cows from Richard and Harvey Gardner in Tuscarawas County and sold them at a livestock auction. The check from the sale was made payable to "an unknown female" who Nelson alleged participated in the conspiracy.

{¶3} Callahan admitted that he was arrested for stealing the Gardner's cows on July 2, 2013. On September 23, 2013, Callahan was charged with theft in violation of R.C. 2913.02(A)(1), a felony of the fourth degree. On November 27, 2013, he was convicted and, in addition to a term of incarceration, he was ordered to pay restitution in the amount of $445.00.

{¶4} On November 13, 2014, Nelson paid Richard Gardner and Harvey Gardner $100.00 for the purported right to sue Callahan in civil court for claims stemming from Callahan's 2013 criminal conviction.

{¶5} On December 8, 2014, Callahan filed a Motion to Dismiss. On January 7, 2015, Nelson filed a Motion Summary Judgment as to Count 2 of his Amended

Complaint. On January 8, 2015, the trial court converted Callahan's Motion to Dismiss into a Motion for Summary Judgment.

{¶6}    On January 23, 2015, Callahan filed his Answer to Nelson's Amended Complaint. On February 5, 2015, Callahan filed a supplement to his converted Motion for Summary Judgment. On February 27, 2015, the trial court denied Nelson's Motion for Partial Summary Judgment and granted Callahan's Motion for Summary Judgment on both counts of Nelson's Amended Complaint.

*Assignments of error*

{¶7}    Nelson raises four assignments of error,

{¶8}    "I. THE TRIAL COURT ERRED WHEN IT RULED THAT (RICHARD GARDNER) HAD RECEIVED HIS BULL AND "SOME COWS" BACK AND WAS PAID AN AGREED AMOUNT FOR RESTITUTION AND THE TRIAL COURT FOUND THAT NO COMPENSATORY DAMAGES REMAINED.

{¶9}    "II. THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT FILED BY NELSON ON 1-7-15.

{¶10}    "III. THE TRIAL COURT ERRED IN ITS FINDING THAT AS TO COUNT 1 OF THE AMENDED COMPLAINT THAT THERE WAS NO EVIDENCE THAT CALLAHAN TRESPASSED OR CONVERTED ANY COWS FROM NELSON'S LAND AND THERE WERE NO DAMAGES.

{¶11}    "IV. THE TRIAL COURT ERRED IN DISMISSING WITH PREJUDICE THE "UNKNOWN FEMALE" DEFENDANT IN NELSON'S AMENDED COMPLAINT FILED 11-14-14."

*Analysis*

**{¶12}** Nelson's four assignments of error address the propriety of the trial court's grant of summary judgment in Callahan's favor. For ease of discussion, we shall address the errors collectively.

**{¶13}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* 30 Ohio St.3d 35, 36, 506 N.E.2d 212(1987) As such, we must refer to Civ.R. 56(C).

**{¶14}** Civ. R. 56(C) states that summary judgment shall be rendered forthwith if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992)

**{¶15}** Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Tokles & Son, Inc. v. Midwestern Indemn. Co.* 65 Ohio St.3d 621, 629, 605 N.E.2d 936 (1992), *citing Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 65-66, 375 N.E.2d 46 (1978).

Since summary judgment denies the party his or her 'day in court' it is not to be viewed lightly as docket control or as a 'little trial.' The jurisprudence of summary

judgment standards has placed burdens on both the moving and the nonmoving party.

In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, * * *.

"The Supreme Court in *Dresher* went on to hold that when neither the moving nor non-moving party provides evidentiary materials demonstrating that there are no material facts in dispute, the moving party is not entitled to a judgment

as a matter of law as the moving party bears the initial responsibility of informing the trial court of the basis for the motion, 'and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.' Id. at 276."

*Welch v. Ziccarelli*, 11th Dist. Lake No.2006-L-229, 2007-Ohio-4374, at ¶ 36-37, 40-42. (Parallel citations omitted.); *Egli v. Congress Lake Club,* 5th Dist. Stark No.2009CA00216, 2010-Ohio-2444 at ¶ 24-26.

**{¶16}** In deciding whether there exists a genuine issue of fact, the evidence must be viewed in the nonmovant's favor. Civ.R. 56(C). Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion. *Turner v. Turner*, 67 Ohio St.3d 337, 341, 617 N.E.2d 1123, 1127(1993).

**{¶17}** Appellate review of summary judgments is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St .3d 35,506 N.E.2d 212(1987). We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court is found to support it, even if the trial court failed to consider those grounds. *See Dresher, supra; Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42, 654 N.E.2d 1327 (9th Dist. 1995).

### Summary Judgment on Count 1 of Nelson's Complaint.

**{¶18}** In Count 1 of his amended complaint, Nelson alleged that sometime in 2011 Callahan allegedly stole four cows and a calf from Nelson's Guernsey County farm.

{¶19}   In support of his claim, Nelson did not identify or produce any independent evidence that Callahan was ever on Nelson's property in Guernsey County or that any cattle Nelson owned were ever in Callahan's possession.   Nelson's evidence consisted of the fact that he found evidence that a "sweetened corn mixture" had been used to lure the cattle from his property, a neighbor also had a cow stolen, and in Tuscarawas County, Callahan admitted to using a "sweet corn mixture" to lure cattle that he had stolen. Nelson further contends that Callahan knew he was out-of-state on business and called him to inquire when he would return. Nelson admitted that he did not name or brand his cattle.

{¶20}   Callahan denied both trespassing on Nelson's property and stealing Nelson's cattle.

{¶21}   The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

{¶22}   In the case at bar, although Nelson may testify that he owned four head of cattle that were stolen, he offers nothing of evidentiary quality to substantiate his claim that Callahan came onto his property and took the four missing cows.

### Summary Judgment on Count 2 of Nelson's complaint.

{¶23}   In granting summary judgment in favor of Callahan, the trial court found that "there is no evidence that Defendant trespassed on Gardner's land as they owned no land in Tuscarawas County in 2013 when the Gardner's cows were converted."

{¶24}   The affidavits of Richard and Harvey Gardener submitted by Nelson each state that they "owned cattle on a farm in Tuscarawas County, Ohio in 2013." The affidavits do not state that either Richard or Harvey owned the *farm* in Tuscarawas County, Ohio in 2013 at the time the

livestock was converted. Nelson submitted no other evidence on the issue of trespass. Accordingly, viewing the evidence most strongly in favor of Nelson, reasonable minds can come to but one conclusion and that conclusion is that Nelson cannot prove his claim for trespass.

{¶25} The affidavits of Richard and Harvey Gardner do not specify the number of heads of livestock that were stolen from Tuscarawas County, referring only to "our cattle and a bull." However, the brothers admit that four head of cattle, a calf and a bull were found on Callahan's property and returned to them. Nelson cannot simply make the conclusory allegation that the Gardner's suffered damages and were not fully compensated for the loss of cattle. Nelson failed to set forth evidence sufficient to create a genuine issue of fact that any auction sale proceeds were generated from the sale of the Gardner's cattle, or how the return of four head of cattle, a calf and a bull was insufficient to fully compensate the Gardner's.

### Dismissal of "Unknown Female."

{¶26} Civ.R. 15(D) allows a plaintiff to name a fictitious defendant when the plaintiff knows the identity and whereabouts of a defendant, but not the defendant's name. *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019, ¶ 24. To invoke Civ.R. 15(D), the plaintiff must identify the defendant in the complaint with enough specificity that personal service can be obtained on the defendant. Id., *quoting Varno v. Bally Mfg. Co.,* 19 Ohio St.3d 21, 24, 482 N.E.2d 342 (1985). In other words, a plaintiff cannot merely add a generic "John Doe" defendant to the complaint and expect to use Civ.R. 15(D) to later amend to include the actual defendant. In addition to designating "John Doe" as a defendant, the plaintiff must provide enough identifying information about "John Doe" to enable personal service.

{¶27} In the case at bar, the name of the "unknown female" -Sherry Callahan- appears in Exhibits E and F of Nelson's Motion for Partial Summary Judgment, dated January 7, 2015. Furthermore, because the trial court found against Nelson on his claims of conversion, his claims for conspiracy must also fail.

{¶28} In *Kimble Mixer Co. v. Hall*, this Court noted,

> In a claim for civil conspiracy, a claimant must prove 1) a malicious combination, 2) involving two or more persons, 3) causing injury to person or property, and 4) the existence of an unlawful act independent from the conspiracy itself. *Pappas v. United Parcel Service* (Apr. 11, 2001), 9th Dist. No. 20226, at 10, *citing Universal Coach, Inc. v. New York City Transit Auth., Inc.* (1993), 90 Ohio App.3d 284, 292, 629 N.E.2d 28; *see, also, LeFort v. Century 21-Maitland Realty Co.* (1987), 32 Ohio St.3d 121, 126, 512 N.E.2d 640 (defining civil conspiracy as "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages."). Further, "[t]he malice involved must include an action done 'purposely, without a reasonable or lawful excuse, to the injury of another." *Pappas, supra,* at 10, *quoting Gosden v. Louis* (1996), 116 Ohio App.3d 195, 219, 687 N.E.2d 481, appeal not allowed (1997), 78 Ohio St.3d 1456, 677 N.E.2d 816.

Fifth Dist. Tuscarawas No. 2003 AP 01 0003, 2005-Ohio-794, ¶39.

**{¶29}** There is no remaining viable underlying tort, thus, the trial court was correct in dismissing the claims against the "unknown female" with prejudice because the only claim against her was the civil conspiracy claim.

**{¶30}** Because the record demonstrates that no genuine issue of fact existed, we find that the trial court did not err in granting judgment in favor of Callahan, and in overruling Nelson's motion for partial summary judgment.

**{¶31}** Based on the foregoing, Nelson's first, second, third and fourth assignments of error are overruled.

**{¶32}** Accordingly, the judgment of the Guernsey County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Farmer, J., and

Baldwin, J., concur