[Cite as *Lewis v. MedCentral Health Sys.*, 2024-Ohio-533.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHRISTINE LEWIS | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | Hon. Craig R. Baldwin, J.<br>Hon. Andrew J. King, J. |
| -vs- | Case No. 2023 CA 0043 |
| MEDCENTRAL HEALTH SYSTEM<br>dba OHIOHEALTH MANSFIELD<br>HOSPITAL, ET AL., | |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDINGS:      Appeal from the Richland County Court of
                               Common Pleas, Case No. 2022 CV 544N


JUDGMENT:                      Reversed and Remanded

DATE OF JUDGMENT ENTRY:        February 13, 2024

APPEARANCES:


For Plaintiff-Appellant

DANNY M. NEWMAN, JR.
The Donahey Law Firm, LLC
580 S. High Street, Suite #200
Columbus, Ohio 43215

LOUIS E. GRUBE, ESQ.
PAUL W. FLOWERS, ESQ.
KENDRA DAVITT, ESQ.
Flowers & Grube
Terminal Tower, 40th Floor
50 Public Square
Cleveland, Ohio 44113

For Defendants-Appellees –
Anand Patel, M.D. and Mid-Ohio
Emergency Physicians, LLP
.
KEVIN M. NORCHI, ESQ.
BRENDAN M. RICHARD, ESQ.
Freeman Mathis & Gary, LLP
3201 Enterprise Parkway, Suite #190
Cleveland, Ohio 44122

For Defendant-Appellee -
MedCentral Health System dba
OhioHealth Mansfield Hospital

KENNETH R. BEDDOW, ESQ.
Bonezzi Switzer Polito & Perry Co., LPA
24 West Third Street, Site #204
Mansfield, Ohio 44902

For Defendants-Appellees -
Pluto HealthCare Staffing, LLC and
Lauren Clapsaddle, R.N.

MARY McWILLIAMS DENGLER, ESQ.
Dickie, McCamey & Chilcote, P.C.
10 West Broad Street, Suite #1950
Columbus, Ohio 43215

For Defendants-Appellees -
TotalMed and Jacqueline Schmitz, R.N.

BRADLEY L. SNYDER, ESQ.
Roetzel & Andress, LPA
41 South High Street
Huntington Center, 21st Floor
Columbus, Ohio 43215

*Hoffman, P.J.*

{¶1} Plaintiff-Appellant Christine Lewis appeals the judgment entered by the Richland County Common Pleas Court dismissing her complaint against Defendants-appellees Anand Patel, M.D. and Mid-Ohio Emergency Physicians, LLP.

STATEMENT OF THE FACTS AND CASE

{¶2} On February 14, 2022, Appellant was a patient in the emergency department of a medical facility operated by Defendant MedCentral Health System, dba Ohio Health Mansfield Hospital (hereinafter "Mansfield Hospital"). She was treated by Appellee Anand Patel, M.D. (hereinafter "Dr. Patel"), who was employed Appellee Mid-Ohio Emergency Physicians, LLP (hereinafter "Mid-Ohio"). Appellant fell out of her hospital bed, fracturing her neck.

{¶3} Appellant filed the instant medical malpractice action against Mansfield Hospital and ten John Doe defendants on October 18, 2022. The John Doe defendants were identified as "physicians, nurses, hospitals, corporations, health care professionals, or other entities that provided negligent medical care to CHRISTINE LEWIS individually or by their agents, apparent agents, or employees, names unknown."

{¶4} With the consent of Mansfield Hospital, Appellant filed an amended complaint on April 14, 2023, eliminating the John Doe defendants, and adding Appellees and several nurses as defendants to the action. The amended complaint recited the action was filed pursuant to R.C. 2323.451(C) and (D).

{¶5} Appellees filed a motion to dismiss, arguing the one-year statute of limitations for medical claims expired on February 14, 2023, and the action against them was barred. Appellant argued pursuant to R.C. 2323.451, a plaintiff pursuing a medical claim may join additional defendants within 180 days following the conclusion of the one-

year statute of limitations. Appellees responded R.C. 2323.451 requires compliance with Civ. R. 15(D), and because Appellant failed to serve the John Doe defendants as required by the Rule, the amendment was untimely as to Appellees.

**{¶6}** The trial court granted the motion to dismiss. The trial court found the purpose of R.C. 2323.451(D) is to allow for amendment of a complaint past the statute of limitations when new claims are discovered through the discovery process, and does not provide for the substitution of parties known but unnamed in the original complaint. The trial court held Appellant was required to follow the procedure under Civ. R. 15(D) for identifying and serving John Doe defendants, who were originally contemplated when the complaint was filed. The trial court dismissed the complaint against Appellees with prejudice, including language there was "no just cause for delay" pursuant to Civ. R. 54(B). It is from the July 21, 2023 judgment of the trial court Appellant prosecutes her appeal, assigning as error:

THE TRIAL COURT ERRED BY DISMISSING DEFENDANTS MID-OHIO EMERGENCY PHYSICIANS, LLP AND DR. ANAND PATEL, M.D., WITH PREJUDICE.

**{¶7}** The instant case was dismissed against Appellees pursuant to Civ. R. 12(B)(6). When reviewing a judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, our standard of review is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be

granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992), *citing Assn. for the Defense of the Washington Local School Dist. v. Kiger,* 42 Ohio St.3d 116, 117, 537 N.E.2d 1292 (1989). In considering a motion to dismiss, a trial court may not rely on allegations or evidence outside the complaint. *State ex rel. Fuqua v. Alexander,* 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997). Rather, the trial court may review only the complaint and may dismiss the case only if it appears beyond a doubt the plaintiff can prove no set of facts entitling the plaintiff to recover*. O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.

{¶8} Appellant initially named John Doe defendants in her complaint in accordance with Civ. R. 15(D), which provides:

> **(D) Amendments Where Name of Party Unknown.** When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words "name unknown," and a copy thereof must be served personally upon the defendant.

**{¶9}** Personal service was not attempted on the John Doe defendants. Appellant filed her amended complaint, which specifically named Appellees as defendants, pursuant to R.C. 2323.451(C) and (D), which provide:

(C) The parties may conduct discovery as permitted by the Rules of Civil Procedure. Additionally, for the period of time specified in division (D)(2) of this section, the parties may seek to discover the existence or identity of any other potential medical claims or defendants that are not included or named in the complaint. All parties shall provide the discovery under this division in accordance with the Rules of Civil Procedure.

(D)(1) Within the period of time specified in division (D)(2) of this section, the plaintiff, in an amendment to the complaint pursuant to rule 15 of the Rules of Civil Procedure, may join in the action any additional medical claim or defendant if the original one-year period of limitation applicable to that additional medical claim or defendant had not expired prior to the date the original complaint was filed. The plaintiff shall file an affidavit of merit supporting the joinder of the additional medical claim or defendant or a motion to extend the period of time to file an affidavit of merit pursuant to rule 10(D) of the Rules of Civil Procedure with the amendment to the complaint.

(2) If a complaint is filed under this section prior to the expiration of the one-year period of limitation applicable to medical claims under section 2305.113 of the Revised Code, then the period of time in which the parties

may conduct the discovery under division (C) of this section and in which the plaintiff may join in the action any additional medical claim or defendant under division (D)(1) of this section shall be equal to the balance of any days remaining from the filing of the complaint to the expiration of that one-year period of limitation, plus one hundred eighty days from the filing of the complaint.

**{¶10}** The trial court held the purpose of R.C. 2323.451(D) is to allow for the amendment of a medical complaint past the statute of limitations when new claims are discovered during the discovery process, and not to simply substitute names for parties known but unnamed in the original complaint. The trial court held the procedure set forth in Civ. R. 15(D) is the only way to join defendants contemplated but not identified at the time of the filing of the complaint. We disagree.

**{¶11}** The statute as set forth above, although it refers to Civ. R. 15 for the procedure required to amend a complaint, does not clearly set forth it applies only to newly discovered claims or newly discovered defendants. The statute also does not specifically require Civ. R. 15(D) to be used for defendants contemplated but not identified at the time the complaint is filed. In fact, subsection (C) specifically states during discovery, the parties may discover the existence or **identity** of claims or defendants. The use of the word "identity" appears to directly address the circumstances of the instant case, where at the time the complaint was filed, the identity of Appellees was unknown. The use of the word "additional" defendants or claims is subject to the interpretation set forth by the trial court that only new claims or defendants may be added pursuant to this

statute.  However, the use of the term "additional" is also subject to the interpretation a newly **identified** defendant or claim may be added, even if the defendant or claim was generally contemplated in the original action, as subsection (C), specifically refers to the discovery of the identity (as opposed to the existence) of a claim or defendant.  We find the statute is ambiguous on its face as to whether it applies solely to newly discovered claims or defendants, or also to newly identified but originally contemplated claims and defendants.

{¶12} If a statute is ambiguous courts may look to the purpose of the statute in order to determine legislative intent.  *State v. Jackson,* 102 Ohio St.3d 380, 2004-Ohio-3206, 811 N.E.2d 68, ¶ 34.  Representative Robert Cupp, a sponsor of the bill which included the provisions of R.C. 2323.451 at issue in this case, submitted written testimony before the House Civil Justice Committee, which stated in pertinent part:

> The bill seeks to reduce the need to sweep into the lawsuit unnecessary defendants when litigation is commenced. When a lawsuit is filed within the statute of limitations, a plaintiff will be granted a period of time (180 days) after the initial filing of a medical claim to name additional defendants where there is evidence to believe they may have liability. As a result, the less than desirable practice under current law of initially joining numerous defendants in a lawsuit who are subsequently dismissed from the case after discovery gets underway (and it becomes evident they are not implicated), can be minimized.[1]

---

[1] Available online at https://www.legislature.ohio.gov/legislation/132/hb7/committee.

{¶13} Thus, the history of the statute indicates the intent was to end the practice of initially joining any defendant who could possibly have been involved in the patient's treatment which led to the malpractice claim, whether by specifically naming a large number of defendants or by naming and attempting to identify and serve numerous "John Does," and subsequently eliminating defendants as more information is uncovered during discovery. Instead, the process set forth in R.C. 2323.451(C) and (D) is intended to allow the plaintiff to file the action against the larger entity, such as the hospital and/or any known and identified defendants, within the applicable statute of limitations of one year, and after identifying through discovery any other specific defendants involved in the plaintiff's care, or any other claims of negligence, add those via amendment to the complaint within the 180 day time frame set forth in the statute.

{¶14} In addition, statutes of limitation "are remedial in nature and are to be given a liberal construction to permit cases to be decided upon their merits, after a court indulges every reasonable presumption and resolves all doubts in favor of giving, rather than denying, the plaintiff an opportunity to litigate." *Flagstar Bank, F.S.B. v. Airline Union's Mtge. Co.,* 128 Ohio St.3d 529, 2011-Ohio-1961, 947 N.E.2d 672, ¶ 7, *citing Draher v. Walters,* 130 Ohio St. 92, 196 N.E. 884 (1935). We find R.C. 2323.451, which provides an extension of the statute of limitations for additional claims and defendants, is by analogy also remedial in nature, and is to be liberally construed in favor of giving the plaintiff an opportunity to litigate the case on the merits.

{¶15} Our conclusion the statute is not limited to claims and defendants not contemplated at the time the complaint was filed is further buttressed by R.C.

2323.451(A)(2), which provides, "This section may be used in lieu of, and not in addition to, division (B)(1) of section 2305.113 of the Revised Code." R.C. 2305.113(B) provides:

(B)(1) If prior to the expiration of the one-year period specified in division (A) of this section, a claimant who allegedly possesses a medical, dental, optometric, or chiropractic claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given.

(2) A claimant who allegedly possesses a medical claim and who intends to give to the person who is the subject of that claim the written notice described in division (B)(1) of this section shall give that notice by sending it by certified mail, return receipt requested, addressed to any of the following:

(a) The person's residence;

(b) The person's professional practice;

(c) The person's employer;

(d) The business address of the person on file with the state medical board or other appropriate agency that issued the person's professional license.

{¶16} Clearly in order to comply with R.C. 2305.113(B), the plaintiff must have knowledge of both the claim and the identity of the practitioner to whom he or she is sending the 180-day letter. Yet R.C. 2323.451(A)(2) states the procedure outlined in R.C. 2323.541 may be used **in lieu of** the 180-day letter provided for in R.C. 2305.113(B). If R.C. 2323.451 applied solely to claims or defendants not originally contemplated or generally known when the complaint was initially filed, the procedure would be unavailable to a plaintiff who has sufficient knowledge of the claim and defendants to comply with 2305.113(B)(2). The fact the legislature has clearly stated a plaintiff may use one procedure or the other, but not "stack" both in order to gain 360 additional days beyond the statute of limitations, is an indication the legislature intended R.C. 2323.451 to not be limited solely to claims and defendants which were not known or contemplated by the plaintiff at the time the complaint was filed.

{¶17} We find the trial court erred in finding Appellant could not amend her complaint to add Appellees within the time frame set forth in R.C. 2323.451. The remaining question is whether Appellees were sufficiently identified in the original complaint to render them parties to the original complaint, and not "additional claims or defendants" pursuant to R.C. 2323.451.

{¶18} The original complaint named ten John Doe defendants, identified as "physicians, nurses, hospitals, corporations, health care professionals, or other entities that provided negligent medical care to CHRISTINE LEWIS individually or by their agents, apparent agents, or employees, names unknown." Personal service was not attempted or perfected on the John Doe defendants, and it is difficult to comprehend how personal

service could be obtained based on the description of the John Doe defendants[2]. Further, we find R.C. 2323.451 was intended to avoid the very circumstance the use of Civ. R. 15(D) in the instant case would necessarily entail: attempting to serve nearly everyone who worked in the emergency room department on the night Appellant was treated in order to meet the one-year statute of limitations, and later through the discovery process pinpointing which of the defendants were allegedly negligent, leading to her injuries. We find Appellees are "additional defendants" pursuant to R.C. 2323.451(D) because they were not specifically identified in the initial complaint, but were only generally within the purview of the description of the unknown John Doe defendants. We find the trial court erred in dismissing Appellees from the instant case based on the expiration of the statute of limitations.

---

[2] It seems to this Court the purpose of Civ. R. 15(D) would be better served by requiring only a copy of the amended complaint, wherein the "John Doe[s]" have been identified, to be personally served. However, the Rule clearly states the summons must contain the words "name unknown," and a copy "thereof" must be personally served on the defendant, which appears to require personal service on an unnamed, unidentified defendant.

**{¶19}** The assignment of error is sustained.  This case is reversed and remanded to the Richland County Common Pleas Court for further proceedings according to law, consistent with this opinion.



By: Hoffman, P.J.

Baldwin, J.  and

King, J. concur