[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Lewis v. MedCentral Health Sys.*, **Slip Opinion No. 2025-Ohio-4802.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-4802

LEWIS, APPELLEE, *v.* MEDCENTRAL HEALTH SYSTEM, D.B.A. OHIOHEALTH MANSFIELD HOSPITAL ET AL.; PATEL ET AL., APPELLANTS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lewis v. MedCentral Health Sys.*, Slip Opinion No. 2025-Ohio-4802.]**

*Civil procedure—Civ.R. 15—R.C. 2323.451(D)(1) and (2)—A plaintiff is not required to comply with Civ.R. 15(D) to name additional defendants in an amended complaint under R.C. 2323.451(D)(1), and the 180-day extension under R.C. 2323.451(D)(2) is not limited to newly discovered defendants— Because appellants were additional defendants under R.C. 2323.451(D)(1) and (2) and because appellee properly amended her complaint to join them as defendants in her medical-claim action, the 180-day extension applied and her action against appellants was timely commenced—Court of appeals' judgment reversing trial court's dismissal of appellee's claims against appellants affirmed.*

(No. 2024-0451—Submitted March 13, 2025—Decided October 23, 2025.)

APPEAL from the Court of Appeals for Richland County,
No. 2023 CA 0043, 2024-Ohio-533.

_____

FISCHER, J., authored the opinion of the court, which KENNEDY, C.J., and DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ., joined.

**FISCHER, J.**

{¶ 1} In this discretionary appeal filed by appellants, Anand Patel, M.D., and Mid-Ohio Emergency Physicians, L.L.P. ("Patel and Mid-Ohio"), we must examine the interplay between the 180-day extension to join additional defendants in a medical-claim action under R.C. 2323.451(D)(1) and (2) and the requirements of Civ.R. 15(D) to determine whether an action filed by appellee, Christine Lewis, against Patel and Mid-Ohio is barred by the statute of limitations. Specifically, we analyze whether a plaintiff must comply with Civ.R. 15(D) to avail herself of the 180-day extension to commence a medical-claim action against additional defendants under R.C. 2323.451(D)(1) and (2) and whether that extension applies only to newly discovered defendants who were not contemplated when the original complaint was filed. We answer both questions in the negative. A plaintiff is not required to comply with Civ.R. 15(D) to name additional defendants in an amended complaint under R.C. 2323.451(D)(1), and the 180-day extension under R.C. 2323.451(D)(2) is not limited to newly discovered defendants. Accordingly, we affirm the judgment of the Fifth District Court of Appeals, which reversed the trial court's dismissal of Lewis's claims against Patel and Mid-Ohio.

**Background**

{¶ 2} On October 18, 2022, Lewis filed a complaint against MedCentral Health System, d.b.a. OhioHealth Mansfield Hospital ("Mansfield Hospital"). Lewis alleged that she received negligent medical care when she was left unattended while medicated and fell out of her hospital bed, fracturing her neck.

Lewis also named ten John Doe defendants in her complaint, whom she identified as "physicians, nurses, hospitals, corporations, health care professionals, or other entities that provided negligent medical or health care individually or through their employees and/or agents, both actual and ostensible, to Plaintiff on February 14, 2022, while she was receiving care and treatment at Mansfield Hospital." The complaint was served on Mansfield Hospital by certified mail, and Mansfield Hospital filed its answer on November 21, denying liability. Lewis did not obtain a summons for the John Doe defendants or attempt to serve them with her complaint.

{¶ 3} On April 14, 2023, with Mansfield Hospital's consent, Lewis amended her complaint to name the John Doe defendants. These new defendants included Patel and Mid-Ohio.[1]

{¶ 4} Patel and Mid-Ohio moved to dismiss for failure to state a claim, arguing that the action against them was untimely because they "were not named prior to the expiration of the one-year statute of limitations for medical claims" and Lewis failed to comply with Civ.R. 15(D)'s requirements for naming and serving unknown defendants. Lewis opposed the motion, arguing that R.C. 2323.451, which provides a plaintiff with a 180-day extension of time to "join in the action any additional medical claim or defendant," applied and thus, she had timely commenced her action against Patel and Mid-Ohio.

{¶ 5} The trial court granted Patel and Mid-Ohio's motion to dismiss, holding that joining "additional" defendants under R.C. 2323.451(D) did not include adding new defendants who "'were obvious when the case began.'" Richland C.P. No. 2022-CV-544N, 5 (July 21, 2023), quoting *Cox v. Mills*, Franklin C.P. 21CV-365, 2021 Ohio Misc. LEXIS 1536, *9 (Dec. 29, 2021). Because the

---

1. In addition to Mansfield Hospital, Patel, and Mid-Ohio, Lewis named four other defendants in her amended complaint. However, neither those four defendants nor Mansfield Hospital appealed the Fifth District's judgment or otherwise appeared before this court in this case.

designation of "John Doe" in the complaint cannot be used as a mere placeholder, the court held that R.C. 2323.451(D) did not relieve Lewis of her obligation to serve the John Doe defendants according to Civ.R. 15(D).  *See id.* at 6.  Because Lewis had failed to serve any of the John Doe defendants pursuant to Civ.R. 15(D), the court concluded that the statute of limitations barred her claims against Patel and Mid-Ohio.  *See id.* at 6-7.

{¶ 6} Lewis appealed, and the Fifth District reversed.  2024-Ohio-533, ¶ 19 (5th Dist.).  The appellate court discussed that the term "additional" used in R.C. 2323.451(D)(1) and (2) could refer to newly discovered claims and defendants, as interpreted by the trial court, but could also refer to "a newly *identified* defendant or claim . . . even if the defendant or claim was generally contemplated in the original action, as [R.C. 2323.451(C)], specifically refers to the discovery of the identity (as opposed to the existence) of a claim or defendant."  (Emphasis in original.)  *Id.* at ¶ 11.  Examining the legislative history of the statute, the appellate court explained that R.C. 2323.451 was intended to curtail the practice of plaintiffs naming and serving any possible defendants to preserve potential medical claims and subsequently dismissing defendants throughout discovery.  *Id.* at ¶ 12-13.  The Fifth District concluded that Patel and Mid-Ohio were "additional" defendants under R.C. 2323.451(D)(1) and that Lewis had timely commenced her action against them under the 180-day extension provided in R.C. 2323.451(D)(2).  *See id.* at ¶ 18.

{¶ 7} Patel and Mid-Ohio filed a discretionary appeal to this court, and we accepted two propositions of law for review:

> 1.  R.C. § 2323.451 does not eliminate the requirement for John Doe service found in [Civ.R.] 15(D).
>
> 2.  R.C. § 2323.451 only allows addition of a newly discovered claim or defendant within 180 days after the end of the

statute of limitations and does not allow the addition of claims or defendants who were known to plaintiff prior to the expiration of the statute of limitations.

*See* 2024-Ohio-2160.

### Analysis

{¶ 8} A plaintiff must commence a medical-claim action within one year after the cause of action accrued. R.C. 2305.113(A). Under Civ.R. 3(A), "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant . . . or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)." When a plaintiff can identify a defendant, but does not know the defendant's name, Civ.R. 15(D) provides the mechanism by which the plaintiff may obtain a summons and personally serve the defendant and preserve the claim against the defendant. Civ.R. 15(D) provides:

> When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words "name unknown," and a copy thereof must be served personally upon the defendant.

Civ.R. 15(D). We have previously explained that Civ.R. 15(D) "may not be construed to extend the statute of limitations beyond the time period established by the General Assembly. Instead, Civ.R. 15(D) is designed with the limited purpose of accommodating a plaintiff who has identified an allegedly culpable party but

does not know the name of that party at the time of filing a complaint." *Erwin v. Bryan*, 2010-Ohio-2202, ¶ 30.

{¶ 9} If a plaintiff complies with the requirements of Civ.R. 15(D), the amended complaint will relate back to the filing of the original complaint, and the action will have been timely commenced under Civ.R. 3(A). *LaNeve v. Atlas Recycling, Inc.*, 2008-Ohio-3921, ¶ 11-12, citing *Amerine v. Haughton Elevator Co., Div. of Reliance Elec. Co.*, 42 Ohio St.3d 57, 58-59 (1989). However, "Civ.R. 15(D) does not authorize a claimant to designate defendants using fictitious names as placeholders in a complaint filed within the statute-of-limitations period and then identify, name, and personally serve those defendants after the limitations period has elapsed." *Erwin* at paragraph two of the syllabus.

{¶ 10} Compliance with the one-year statute of limitations for medical claims has proved challenging. A plaintiff will often receive medical care from several providers as well as various entities that may or may not operate under their legal names. Accordingly, the plaintiff may have trouble determining the names of every defendant to include in a complaint and commencing an action against each defendant before the statute of limitations expires. *See Varno v. Bally Mfg. Co.*, 19 Ohio St.3d 21, 24 (1985), *superseded on other grounds by rule amendment as recognized in Amerine* at 59 (discussing the potential disadvantages for a plaintiff's attorney when a client seeks legal assistance close to the expiration of the statute of limitations, including ascertaining the name of a defendant). To ensure compliance with the statute of limitations and Civ.R. 15(D), plaintiffs in medical-claim actions previously utilized a shotgun approach—serving numerous potential defendants to preserve any possible claims against them and subsequently dismissing unnecessary defendants as discovery proceeded. *See* 2024-Ohio-533 at ¶ 12-13 (5th Dist.).

{¶ 11} As the Fifth District noted, R.C. 2323.451 was enacted, in part, to minimize this approach. *See id.* R.C. 2323.451 provides:

(C) The parties may conduct discovery as permitted by the Rules of Civil Procedure. Additionally, for the period of time specified in division (D)(2) of this section, the parties may seek to discover the existence or identity of any other potential medical claims or defendants that are not included or named in the complaint. All parties shall provide the discovery under this division in accordance with the Rules of Civil Procedure.

(D)(1) Within the period of time specified in division (D)(2) of this section, the plaintiff, in an amendment to the complaint pursuant to rule 15 of the Rules of Civil Procedure, may join in the action any additional medical claim or defendant if the original one-year period of limitation applicable to that additional medical claim or defendant had not expired prior to the date the original complaint was filed. The plaintiff shall file an affidavit of merit supporting the joinder of the additional medical claim or defendant or a motion to extend the period of time to file an affidavit of merit pursuant to rule 10(D) of the Rules of Civil Procedure with the amendment to the complaint.

(2) If a complaint is filed under this section prior to the expiration of the one-year period of limitation applicable to medical claims under section 2305.113 of the Revised Code, then the period of time in which the parties may conduct the discovery under division (C) of this section and in which the plaintiff may join in the action any additional medical claim or defendant under division (D)(1) of this section shall be equal to the balance of any days remaining from the filing of the complaint to the expiration of that

one-year period of limitation, plus one hundred eighty days from the filing of the complaint.

{¶ 12} Patel and Mid-Ohio argue that R.C. 2323.451(D)(1) requires a plaintiff to comply with the service requirements found in Civ.R. 15(D). We disagree.

{¶ 13} To understand why, we turn first to Civ.R. 15. The rule prescribes the procedure for both amending and supplementing pleadings. But not all divisions of the rule apply in all circumstances. For example, Civ.R. 15(E) only applies to supplemental pleadings, not amended pleadings. Likewise, Civ.R. 15(D) is limited in its application. It applies "to those cases in which the defendant's identity and whereabouts are known to the plaintiff, but the actual name of the defendant is unknown." *Varno*, 19 Ohio St.3d at 24.

{¶ 14} While the text of R.C. 2323.451(D)(1) unambiguously requires a plaintiff to amend her complaint "pursuant to rule 15 of the Rules of Civil Procedure," it does not specify any particular divisions of the rule that must be followed. Logically, a plaintiff must comply with only those provisions in Civ.R. 15 that apply to the case. The question, then, is whether Civ.R. 15(D)'s mechanism for correcting the name of a party designated by a fictitious name applies to an amendment that introduces an additional defendant. It does not.

{¶ 15} The crux of the issue in this case is whether Patel and Mid-Ohio are "additional" defendants under R.C. 2323.451(D)(1) and (2). Patel and Mid-Ohio read R.C. 2323.451(D)(1) and (2) to provide a 180-day extension only for "newly discovered" defendants. Under this reading, the 180-day extension would be limited to defendants whose names *and* identities were entirely unknown when the original complaint was filed. This reading would preclude application of Civ.R. 15(D), which applies only when the name alone is unknown. Although we agree

that Civ.R. 15(D) does not apply here, we reject Patel and Mid-Ohio's interpretation because it is contrary to the plain language of R.C. 2323.451 as a whole.

{¶ 16} When interpreting a statute, we must consider the statute in its entirety. *Boley v. Goodyear Tire & Rubber Co.*, 2010-Ohio-2550, ¶ 21. R.C. 2323.451(C) suggests the meaning of the phrase "any additional medical claim or defendant" that is used in R.C. 2323.451(D)(1) and (2). It states: "[F]or the period of time specified in [R.C. 2323.451(D)(2)], the parties may seek to discover the existence or identity of any other potential medical claims or defendants that *are not included or named* in the complaint." (Emphasis added.) R.C. 2323.451(C). This language in R.C. 2323.451(C) makes clear that "additional" defendants are those who were not included as party-defendants when the original complaint was filed, regardless of whether their existence was contemplated at the time of filing.

{¶ 17} We agree with Lewis that "additional" defendants in R.C. 2323.451(D)(1) and (2) are not the same as the unnamed defendants under Civ.R. 15(D), and so Civ.R. 15(D) does not apply. Recall that Civ.R. 15(D) only applies when a defendant's identity is known but his name is unknown. *Varno*, 19 Ohio St.3d at 24. In contrast, R.C. 2323.451(D)(1) and (2) contain no requirements tied to the plaintiff's knowledge (or lack thereof) of a defendant's name or identity when the original complaint was filed. A defendant introduced in an amended complaint under R.C. 2323.451(D)(1) and (2) need only be "additional," that is, a defendant not identified in the original complaint. So unlike Civ.R. 15(D), a plaintiff may use R.C. 2323.451(D)(1) and (2) to add a defendant regardless of whether the defendant's name or identity (or both) was known at the inception of the action.

{¶ 18} On the other hand, R.C. 2323.451(D)(1) and (2) may not be used by a plaintiff to join a defendant who was already properly included in the original complaint under Civ.R. 15(D). Including a fictitiously named person in a complaint does not create a placeholder that may later be replaced with a new, accurately named defendant. *See Erwin*, 2010-Ohio-2202, at paragraph two of the syllabus.

Instead, a person identified under Civ.R. 15(D) is already a defendant, which is why an amendment under Civ.R. 15(D) changes a party's name and not the party. *See Amerine*, 42 Ohio St.3d at 59. Someone who was already a party-defendant in the original complaint cannot be an "additional" defendant under R.C. 2323.451(D)(1) and (2).

{¶ 19} Recognizing that fictitiously named defendants under Civ.R. 15(D) do not fall under "additional" defendants in R.C. 2323.451(D)(1) and (2) preserves the 180-day extension in R.C. 2323.451(D)(2) from the superfluity that would otherwise occur under a contrary interpretation. If a plaintiff obtained a summons with the words "name unknown" for an unnamed defendant and then personally served the summons on the unnamed defendant, as required by Civ.R. 15(D), then the amended complaint would relate back to the original filing, as explained above. The commencement of the action would thus be timely. The 180-day extension in R.C. 2323.451(D)(2) would be unnecessary.

{¶ 20} Our conclusion is further confirmed by looking at the two processes created by the General Assembly to extend the statute of limitations for a medical claim. As discussed above, R.C. 2323.451(D)(1) and (2) will extend the statute of limitations by 180 days if a plaintiff amends her original complaint, under applicable provisions of Civ.R. 15, to join additional defendants. The statute of limitations will also be extended by 180 days "[i]f prior to the expiration of the one-year period [from the date the cause of action accrued], a claimant who allegedly possesses a medical . . . claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim." R.C. 2305.113(B)(1). However, the procedure under R.C. 2323.451 "may be used in lieu of, and not in addition to" the procedure under R.C. 2305.113(B)(1). R.C. 2323.451(A)(2).

{¶ 21} To provide a defendant with written notice under R.C. 2305.113(B)(1), a plaintiff would have to be aware of her claim and know the name

and/or identity of the potential defendant, so this route is clearly for a plaintiff who knows the defendant's name or identity. R.C. 2323.451 provides an extension for a plaintiff who lacked that knowledge when she filed her original complaint and later discovered the *existence* or *identity* of other defendants. This process allows a plaintiff to preserve claims against defendants who may have been contemplated in the original complaint but whose names or identities were not known when the complaint was filed. To hold otherwise would mean that a claim is less protected when a plaintiff does not know the defendant's name or identity than it is when the plaintiff does know the defendant's name or identity and therefore could timely serve the defendant through the regular procedures for service under the Civil Rules.

{¶ 22} Here, Lewis did not file her original complaint in accordance with Civ.R. 15(D). She did not request summonses with the words "name unknown" and did not serve any of the John Doe defendants, whom she identified in her complaint as "physicians, nurses, hospitals, corporations, health care professionals, or other entities that provided negligent medical or health care individually or through their employees and/or agents, both actual and ostensible, to Plaintiff on February 14, 2022, while she was receiving care and treatment at Mansfield Hospital." Again, Civ.R. 15(D) applies when the defendants' identities and whereabouts are known but their names are not. *Varno*, 19 Ohio St.3d 21, 24. And for Lewis to have served Patel and Mid-Ohio with her original complaint, she would have had to know their identities and whereabouts well enough to find and personally serve them with a summons under Civ.R. 15(D). As the Fifth District correctly noted, "it is difficult to comprehend how personal service could be obtained based on the description of the John Doe defendants," 2024-Ohio-533 at ¶ 18 (5th Dist.). Although Lewis may have contemplated a claim against Patel and Mid-Ohio and anticipated potentially joining them, she did not successfully join them under Civ.R. 15(D).

{¶ 23} Rather, because Patel and Mid-Ohio were not already party-defendants, they are "additional" to the defendants in the original complaint. They can now be joined under R.C. 2323.451(D)(1).

{¶ 24} Turning to the other requirements under R.C. 2323.451(D)(1), Lewis easily satisfies them. She amended her complaint with Mansfield Hospital's consent in compliance with Civ.R. 15(A). And Lewis filed an affidavit of merit supporting the joinder of Patel and Mid-Ohio with her amended complaint, as is required under R.C. 2323.451(D)(1). Because Lewis complied with the applicable provisions of Civ.R. 15 and the technical requirements in R.C. 2323.451(D)(1) to amend her complaint and join additional defendants, the 180-day extension under R.C. 2323.451(D)(2) applied and the action against Patel and Mid-Ohio was timely commenced.

## Conclusion

{¶ 25} We reject Patel and Mid-Ohio's propositions of law and hold that R.C. 2323.451(D)(1) does not require a plaintiff to comply with Civ.R. 15(D) to name additional defendants in an amended complaint and that the 180-day extension under R.C. 2323.451(D)(2) is not limited to newly discovered defendants following initial discovery. A plaintiff seeking to avail herself of the 180-day extension under R.C. 2323.451(D)(2) must still, per R.C. 2323.451(D)(1), comply with the requirements to amend a complaint under the applicable provisions of Civ.R. 15. Because Patel and Mid-Ohio were "additional" defendants under R.C. 2323.451(D)(1) and (2) and because Lewis properly amended her complaint to join them as defendants in her medical-claim action, the 180-day extension applied and her action against Patel and Mid-Ohio was timely commenced. For these reasons, we affirm the judgment of the Fifth District Court of Appeals.

Judgment affirmed.

_____

The Donahey Law Firm, L.L.C., and Danny M. Newman Jr.; and Flowers & Grube, Louis E. Grube, and Kendra Davitt, for appellee.

Freeman Mathis & Gary, L.L.P., Kevin M. Norchi, and Steven J. Forbes, for appellants.

The Mellino Law Firm and Calder Mellino, urging affirmance for amici curiae Ohio Association for Justice and Cleveland Academy of Trial Attorneys.

Milligan Pusateri Co., L.P.A., Richard S. Milligan, Anthony E. Brown, and Thomas R. Himmelspach, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.

Epstein Becker & Green, P.C., Jonathan T. Brollier, Maurice Wells, and Wan Q. Zhang, urging reversal for amici curiae American Medical Association, Ohio State Medical Association, and Ohio Osteopathic Association.

Epstein Becker & Green, P.C., Jonathan T. Brollier, Maurice Wells, and Wan Q. Zhang; and Ohio Hospital Association and Sean McGlone, urging reversal for amicus curiae Ohio Hospital Association.

_____