[Cite as *Webb v. Morning View Delaware, Inc.*, 2026-Ohio-2441.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
DELAWARE COUNTY, OHIO

| | |
|---|---|
| PHILLIP WEBB, INDIVIDUALLY AND ON BEHALF OF ROXIE WEBB | Case No. 25 CAE 11 0107 |
| Plaintiff - Appellant | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Case No. 24-CV-G-07-0697 |
| MORNING VIEW DELAWARE, INC., ET AL., | Judgment: Reversed and Remanded |
| Defendants - Appellees | Date of Judgment Entry: June 25, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Robert G. Montgomery, Judges

**APPEARANCES:** Louis E. Grube, Esq., Michael J. Factor, Esq., Flowers & Grube, for Plaintiff-Appellant; Joseph F. Petros, III, Brendan M. Richard, Rolf Martin Lang, LLP, David J. Hudak, Esq., Brianna M. Prislipsky, Esq., Reminger Co., LPA for Defendants-Appellants.

*Hoffman, J.*

{¶1}    Plaintiff-appellant Phillip Webb appeals the July 29, 2025, and October 31, 2025 Judgment Entries entered by the Delaware County Court of Common Pleas, which granted summary judgment in favor of defendants-appellees Morning View Delaware, Inc. d/b/a Country View of Sunbury; Foundations Health, Inc.; Foundations Health Solutions, LLC; Adam/Anne Doe, the Facility Administrator of Country View of Sunbury; David/Diane Doe, the Director of Nursing at Country View of Sunbury; and John/Jane Doe, Registered Nurses 1-10.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellees Foundations Health, Inc., and Foundations Health Solutions, LLC, own and operate Appellee Morning View Delaware, Inc. d/b/a Country View of Sunbury ("Country View"), a healthcare facility and/or nursing home located at 14961 N. Old 3C Highway, Sunbury, Ohio. On October 9, 2020, Roxie Webb ("Decedent") was admitted to Country View due to ongoing health issues including chronic obstructive pulmonary disease, osteoarthritis, chronic ischemic heart disease, hyperlipidemia, dementia, and extrapyramidal and movement disorder.

{¶3} On July 22, 2024, Appellant, individually and on behalf of the Estate of Roxie Webb, filed a complaint, naming Appellees Morning View Delaware, Inc. d/b/a Country View of Sunbury; Foundations Health, Inc.; Foundations Health Solutions, LLC; Adam/Anne Doe, the Facility Administrator of Country View of Sunbury; David/Diane Doe, the Director of Nursing at Country View of Sunbury; and John/Jane Doe, Registered Nurses 1-10, as defendants. The complaint asserted causes of action for negligence, medical negligence, corporate negligence, and wrongful death.

{¶4} Appellees filed a motion to dismiss on August 21, 2024. Appellees argued Appellant's complaint should be dismissed in its entirety because Appellant did not have standing to file the action as he had not been appointed Decedent's personal representative. Appellees alternatively maintained Appellant's survivorship claims were time barred as the complaint was filed more than one year after Decedent's death. Via Judgment Entry filed September 25, 2024, the trial court granted Appellees' motion to dismiss as to Appellant's wrongful death and survivorship claims. However, the trial court denied, in part, Appellees' motion as to Appellant's three negligence claims.

**{¶5}** On October 4, 2024, Appellant, individually and on behalf of the Estate of Decedent, filed an amended complaint, asserting claims for negligence, medical negligence, and corporate negligence and adding allegations the statute of limitations on his survivorship claim had been extended by the sending of 3 notice-of-claim letters to Appellees. Appellees filed a timely answer and asserted over 35 affirmative defenses including, inter alia, the claims were barred by the applicable statute of limitations and the statute of repose, and Appellant lacked standing.

**{¶6}** On June 20, 2025, Appellees filed a motion for summary judgment. Therein, Appellees asserted Appellant's survivorship claim was barred by the one-year statute of limitations for medical negligence claims pursuant to R.C. 2305.113(A) and the notice-of-claim letters did not extend the statute of limitations as said letters were never served as required by R.C. 2305.113(B). Appellant filed a memorandum in opposition to Appellees' motion for summary judgment on July 18, 2025. Appellees filed a reply in support on July 23, 2025.

**{¶7}** Via Judgment Entry filed July 29, 2025, the trial court granted summary judgment in favor of Appellees. The trial court found Appellant's survivorship claim was based upon medical care and treatment; therefore, a medical claim subject to the one-year statute of limitations set forth in R.C. 2305.113(A). The trial court further found the 3 notice-of-claim letters counsel for Appellant sent pursuant to R.C. 2305.113(B)(1) were ineffective and did not extend the statute of limitations. The trial court concluded Appellant's negligence and wrongful death claims were barred by the one-year statute of limitations for medicals claims, and Appellant's survivorship and wrongful death claims were time-barred.

**{¶8}** On July 29, 2025, Appellees filed a motion for clarification of the July 29, 2025 Judgment Entry relative to the trial court's finding, "[o]nly the negligence claims alleged by [Appellant] in his individual capacity for loss of consortium remain." July 29, 2025 Judgment Entry at p. 11. On July 31, 2025, Appellant filed a motion for partial reconsideration of the July 29, 2025 Judgment Entry, explaining Appellees did not move for summary judgment on his wrongful death claim and requesting the trial court reconsider its grant of summary judgment on said claim. Appellees filed a brief in opposition to Appellant's motion for reconsideration.

**{¶9}** Via Judgment Entry filed September 9, 2025, the trial court granted both Appellees' motion for clarification and Appellant's motion for partial reconsideration. The trial court found, because Appellant clarified he did not intend to plead a loss of consortium, no loss of consortium claim remained. The trial court also found, because Appellees' motion for summary judgment did not contain adequate notice the wrongful death claim was at issue, the trial court reversed its decision granting summary judgment on that claim.

**{¶10}** Based upon the trial court's September 9, 2025 Judgment Entry, Appellees filed a motion for summary judgment on Appellant's wrongful death claim on September 23, 2025. Appellant filed a memorandum in opposition thereto. Appellees filed a reply in support on October 28, 2025.

**{¶11}** Via Judgment Entry filed October 31, 2025, the trial court granted summary judgment in favor of Appellees on Appellant's wrongful death claim. The trial court noted it had "already determined that the facts established a medical claim under the statutory definition * * * and [Appellant's] survivorship claims are barred by the statute of

limitations for medical claims." (Internal citations omitted.) October 31, 2025 Judgment Entry at p. 3.

{¶12} It is from the July 29, 2025 and October 31, 2025 Judgment Entries Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT ERRED IN ITS JULY 29, 2025, SUMMARY JUDGMENT ORDER BY HOLDING THAT R.C. 2305.113(B)'S 180-DAY EXTENSION PERIOD DOES NOT BEGIN UNTIL THE DEFENDANT ACTUALLY RECEIVES THE NOTICE-OF-CLAIM LETTER.

II. THE TRIAL COURT ERRED IN ITS OCTOBER 31, 2025, SUMMARY JUDGMENT ORDER BY HOLDING THAT WRONGFUL DEATH CLAIMS INVOLVING MEDICAL NEGLIGENCE ARE SUBJECT TO THE ONE-YEAR LIMITATION PERIOD IN R.C. 2305.113(A) INSTEAD OF THE TWO-YEAR LIMITATION PERIOD IN R.C. 2125.02(F)(1).

*Standard of Review*

{¶13} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36 (1987). As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶14} Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the

evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶15} The party moving for summary judgment bears the initial burden of demonstrating the absence of genuine issues of material facts concerning the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). The moving party must support the motion by pointing to some evidence in the record of the type listed in Civil Rule 56(C). *Id.* at 292-293. However, the moving party need not support its motion for summary judgment with evidence negating his opponent's claim, but may simply point out that there is an absence of evidence to support the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); see also *R & R Plastics, Inc. v. F.E. Myers Co.*, 92 Ohio App.3d 789, 807 (6th Dist. 1993).

{¶16} If the moving party satisfies this burden, then the non-moving party has the reciprocal burden to demonstrate a genuine issue for trial remains. *Dresher*, 75 Ohio St.3d at 293. The nonmoving party may not rest upon the mere allegations or denials in her pleadings but must point to or submit evidence of the type specified in Civ.R. 56(C). *Id.*; Civ.R. 56(E). Types of evidence specified in Civ.R. 56 (C) are "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C).

I

{¶17} In his first assignment of error, Appellant maintains the trial court erred in finding the 180-day extension period did not begin until Appellees received the notice-of-claim letter. We agree.

*Statutory Interpretation*

**{¶18}** This case requires interpretation of R.C 2305.113. "[T]he interpretation and application of a statute is a matter of law that an appellate court * * * reviews de novo." *State v. Schneider*, 2021-Ohio-653, ¶ 45 (4th Dist.). Thus, we give no deference to the trial court's interpretation of the statute.

**{¶19}** "It is a cardinal rule of statutory construction that where the terms of a statute are clear and unambiguous, the statute should be applied without interpretation." (Internal quotations omitted.) *Wilson v. Lawrence*, 2017-Ohio-1410, ¶ 11, quoting *Wingate v. Hordge*, 60 Ohio St.2d 55, 58 (1979), citing *Provident Bank v. Wood*, 36 Ohio St.2d 101 (1973). The "first step is always to determine whether the statute is 'plain and unambiguous.'" *Jacobson v. Kaforey*, 2016-Ohio-8434, ¶ 8, quoting *State v. Hurd*, 89 Ohio St.3d 616, 618 (2000). "When the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation, because an unambiguous statute is to be applied, not interpreted." (Internal quotations omitted.) *State ex rel. Beard v. Hardin*, 2018-Ohio-1286, ¶ 27, quoting *Sears v. Weimer*, 143 Ohio St. 312, paragraph 5 of syllabus (1944).

**{¶20}** However, a statute is ambiguous if it is "capable of bearing more than one meaning." In addressing an ambiguous statute, courts "invoke rules of statutory construction in order to arrive at the legislative intent." *Christe v. Gms Mgmt. Co.*, 88 Ohio St.3d 376, 377, 2000-Ohio-351, citing *Symmes Twp. Bd. of Trustees v. Smyth*, 2000- Ohio 470. It is also well-settled "the General Assembly is fully aware of any prior judicial interpretation of an existing statute when enacting an amendment." (Internal quotations omitted.) *Clark v. Scarpelli*, 91 Ohio St.3d 271, 278, quoting *State ex rel. Board of Education v. Howard*, 167 Ohio St. 93, 96 (1957). Finally, courts must "give

effect to the words the General Assembly has chosen, and we may neither add to nor delete from the statutory language." *Gabbard v. Madison Loc. Sch. Dist. Bd. of Educ.*, 2021-Ohio-2067, ¶ 13, citing *Columbia Gas Transm. Corp. v. Levin*, 2008-Ohio-511, ¶ 19.

*Legislative History*

**{¶21}** The following review of the legislative history of R.C. 2305.11 and R.C. 2305.113 was undertaken by the Fourth District Court of Appeals in *Estate of Altizer v. Arbors at Gallipolis*, 2026-Ohio-369 (4th Dist.):

Effective October 20, 1987, former R.C. 2305.11(A), provided the statute of limitations for a "medical claim" was one year. Former R.C. 2305.11(B)(1) provided:

an action upon a medical . . . claim . . . shall be commenced within one year after the action accrued, except that, if prior to the expiration of that one-year period, a claimant . . . who allegedly possessed a medical . . . claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given.

See Am. Sub. H.B. 327, 3322, 3323. This written notice to extend the limitation period by 180 days has become known colloquially as the 180-day letter. See *Crookston v. Lykins*, 2024-Ohio-5131, ¶ 4 (5th Dist.). * * * R.C. 2305.11 has been amended over the years, but it consistently maintained a one-year statute of limitations that permitted potential

claimants to extend the limitation period by sending a 180-day letter to a potential defendant before the one-year statute of limitation expired. * * *

Effective April 10, 2003, the General Assembly amended R.C. 2305.11(B), removing the one-year statute of limitation for medical claims along with the 180-day letter provision. S.B. 281, 2002 Ohio Laws File 250. In that same bill, the General Assembly enacted R.C. 2305.113 and in division B of that section it inserted the one-year statute of limitations for medical claims, including the 180-day letter provision that was written verbatim to the language in R.C. 2305.11(B).

*Id*. at ¶¶ 35, 37.

**{¶22}** R.C. 2305.113 was amended in 2019. "R.C. 2305.113(A) and (B)(1) remained substantively unchanged by the amendment." *Id*. at ¶ 38. R.C. 2305.113(A) continued to provide a one-year statute of limitations for a medical claim, and (B)(1) continued to permit a claimant to give written notice to the person, who was subject to a medical claim, the claimant may commence an action within 180 days after the notice is given. *Id*. However, R.C. 2305.113(B)(2) added the following new language:

A claimant who allegedly possesses a medical claim and who intends to give to the person who is the subject of that claim the written notice described in division (B)(1) of this section shall give that notice by sending it by certified mail, return receipt requested, addressed to any of the following:

(a) The person's residence;

(b) The person's professional practice;

(c) The person's employer;

(d) The business address of the person on file with the state medical board or other appropriate agency that issued the person's professional license.

*Analysis*

**{¶23}** In its July 29, 2025 Judgment Entry, the trial court concluded Appellant failed to comply with R.C. 2305.113(B) to extend the statute of limitations by 180 days. The trial court found:

> The 180-day extension runs from the date that the notice is *received* and not the date it is *mailed*. *Smith v. Gill*, 2010-Ohio-4012, ¶ 14 (8th Dist.). *See also Edens v. Barberton Area Family Practice Ctr.*, 43 Ohio St.3d 176 (1989), paragraph one of the syllabus (interpreting R.C. 2305.11(B), predecessor to R.C. 2305.113(B), and holding that the notice must actually be received and that the 180-day period commences when the notice is received).
>
> July 29, 2025 Judgment Entry at p. 8.

**{¶24}** In *Edens v. Barberton Area Family Practice Ctr.*, 43 Ohio St.3d 176 (1989), the Ohio Supreme Court addressed whether, under former R.C. 2305.11(B)(1), notice was effective when the 180-day letter was mailed or when it was received. The Court stated, "[t]he purpose of this statute is to decrease the likelihood of frivolous medical malpractice

claims by allowing parties and their attorneys additional time to investigate a potential claim which is brought to their attention shortly before the one-year statute of limitations expires." *Id*. at pp. 177-178. The Court explained:

> There are strong policy reasons behind designating the date of mailing as the effective notice date. If the mail date is chosen, it is a date certain since it would be the date plaintiff mails the notice, and not the receipt date, over which the plaintiff has no control. (Citation omitted.) Moreover, by choosing the mail date as the effective date "* * * abnormalities and variances in postal delivery will not normally be permitted to extinguish a plaintiff's claim or unnecessarily extend it." (Citation omitted.) It can also be argued that if the General Assembly intended the statute to mean notice is effective on the receipt date, it would have used "receive" instead of "give."
>
> *Id*. at p. 178.

{¶25} The *Edens* Court focused its analysis on whether the statute provided *the manner* in which notice was to be given, noting "in R.C. 2305.11, the General Assembly does not prescribe the manner or form of giving notice but instead simply states that a claimant should give written notice." *Id*. at p. 179. Reaffirming its holding in *Moore v. Given*, 39 Ohio St. 661, paragraph two of the syllabus (1884), "[w]here a statute requires notice of a proceeding, but is silent concerning its form or manner of service, actual notice will alone satisfy such requirement," the Court held:

Where a statute such as R.C. 2305.11(B) is silent as to how notice is to be effectuated, *written notice will be deemed to have been given when received*. Therefore, under R.C. 2305.11(B), the one-hundred-eighty-day period commences to run from the date the notice is received and *not the date it is mailed*.

(Emphasis added.) *Id*. at syllabus.

**{¶26}** With the 2019 amendment, R.C. 2305.113 is no longer silent regarding the manner of providing notice. Accordingly, we find *Edens* no longer dictates the 180-letter is effective upon receipt. Consequently, we must look to the new language in R.C. 2305.113(B)(2) to determine when the 180-day notice becomes effective.

**{¶27}** Pursuant to R.C. 2305.113(B)(2), as set forth, supra, "[a] claimant who allegedly possesses a medical claim and who intends to give to the person who is the subject of that claim the written notice described in division (B)(1) of this section *shall give that notice by sending it by certified mail, return receipt requested, * * *.*" (Emphasis added.). Thus, we conclude notice of the 180-day letter is no longer effective upon receipt, but rather when that notice is given "by certified mail, return receipt requested." Had the legislature intended the 180-day period to commence on the date of receipt of the notice, it would have said so explicitly. See *Clark v. Scarpelli*, 91 Ohio St.3d at 278. ("It is presumed that the General Assembly is fully aware of any prior judicial interpretation of an existing statute when enacting an amendment.").

**{¶28}** As the Ohio Supreme Court noted in *Edens*, former R.C. 2305.11(B)(1) was enacted in order "to decrease the likelihood of frivolous medical malpractice claims by allowing parties and their attorneys additional time to investigate a potential claim which

is brought to their attention shortly before the one-year statute of limitations expires." *Edens*, 43 Ohio St.3d at 177-78. The notice provision extending the statute of limitations is remedial. *Marshall v. Ortega*, 1998 WL 702369, *10 (8th Dist.), aff'd, *Marshall v. Ortega*, 87 Ohio St.3d 522 (2000). When a statute is remedial in nature, the statute must be given a liberal construction to permit cases to be decided upon their merits, after a court indulges every reasonable presumption and resolves all doubts in favor of giving, rather than denying, the plaintiff an opportunity to litigate. *Lewis v. Medcentral Health Sys.*, 2024-Ohio-533, ¶ 14 (5th Dist.), citing *Flagstar Bank, F.S.B. v. Airline Union's Mtge. Co.*, 2011-Ohio-1961, ¶ 7, *citing Draher v. Walters*, 130 Ohio St. 92 (1935).

**{¶29}** Because R.C. 2305.113 is remedial in nature and must be liberally construed in favor of giving the plaintiff, Appellant herein, an opportunity to litigate his case on the merits, we find the trial court erred in finding the 180-day extension period did not begin until Appellees received the notice-of-claim letter.

**{¶30}** Appellant's first assignment of error is sustained.

II

**{¶31}** In his second assignment of error, Appellant contends the trial court erred in granting summary judgment in favor of Appellees based upon a finding a wrongful death claim which involved medical negligence was subject to the one-year statute of limitations set forth in R.C. 2305.113(A) rather than the two-year statute of limitations prescribed in R.C. 2125.02(F)(1).

**{¶32}** In light of our disposition of Appellant's first assignment of error and for the same reasons discussed therein, we, likewise, sustain this assignment of error.

{¶33} The judgment of the Delaware County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this Opinion and the law.

{¶34} Costs assessed to Appellees.

By: Hoffman, J.

King, P.J. and

Montgomery, J. concur.